SADIE M. CONKLIN v. ROLLO D. CONKLIN.[1]

April 18, 1947.

No. 34,348.

*Leo J. Seifert* and *Fred P. Krahmer,* for appellant.
*Nichols, Mullin & Farnand,* for respondent.

LORING, CHIEF JUSTICE.

This is an appeal from an order vacating a judgment for alimony and modifying the original decree of divorce by relieving defendant of back payments of alimony from and after January 5, 1936, of future alimony as well, and restraining plaintiff from attempting to collect the same from defendant.

Plaintiff, after living with defendant for over 18 years, obtained a divorce from him in 1926 by default. She was awarded custody of their son, then 18 years old. The divorce decree, dated April 22,

---

[1] Reported in 27 N. W. (2d) 275.

1926, provided for alimony of $100 per month. Until January 5, 1936, defendant made payments. From that time on defendant made no payments. His failure to pay was, as he contends, based on an agreement by plaintiff to relieve him of further payments. In January 1946, plaintiff moved the court to have the original judgment docketed against defendant, representing the arrears plus interest, which amounted to some $7,732.62. Judgment for this amount was docketed January 5, 1946. Plaintiff had failed to docket the 1926 decree, although defendant had performed under it until 1936.

February 7, 1946, defendant moved to vacate the judgment docketed on January 5, 1946, and requested to be relieved of alimony payments from and after January 5, 1936. The record was made on affidavits, and the lower court vacated the judgment entered January 5, 1946, and modified the judgment of April 22, 1926, so as to require that no payments of alimony be made by defendant from and after January 5, 1936. Plaintiff was restrained from enforcing payments of alimony after January 5, 1936.

■ It is well settled that the district court has power to cancel accrued alimony installments. Hartigan v. Hartigan, 142 Minn. 274, 171 N. W. 925; Bensel v. Hall, 177 Minn. 178, 225 N. W. 104. That power rests in the sound discretion of the court but should be exercised cautiously upon satisfactory evidence. Plankers v. Plankers, 178 Minn. 31, 225 N. W. 913. The only issue here is whether the lower court abused its discretion.

Defendant remarried, and there was evidence tending to prove that thereafter his financial situation materially improved; that his real estate holdings exceeded $50,000 in value; that he is well able to pay the accrued, as well as future, alimony; and that plaintiff is presently economically embarrassed and wholly without funds and unable to support herself.

Defendant admits that he now has title to certain tracts of land in joint tenancy with his present wife. He asserts that plaintiff's valuation of them is grossly exaggerated, although he does not deny that their value is substantial. He asserts that they were not acquired by his work, labor, or management, but that they are lands

which were once owned by his mother, who became financially embarrassed shortly after his present marriage and was about to lose them by foreclosure of mortgages. When their loss was imminent, defendant's present wife advanced her own money to save the land, which, at her request, was conveyed to her husband and herself as joint tenants. This is uncontradicted.

There was conflicting evidence as to whether plaintiff and defendant had a conversation on January 5, 1936, at which time defendant asserts that he visited plaintiff and informed her that he was without funds and unable to continue to make the alimony payments. His assertion is that he told her that unless she would voluntarily relieve him from his obligation he would have to make a motion in court for such relief, but that he was even without funds to do that. In response to that statement, he asserts that she told him he need not pay alimony to her any more. This she denies, but their son states that there was a conversation in 1936 between his father and his mother; that after the conversation his mother informed him that she had discussed the matter of alimony with his father and had told him she did not need or expect any further payments of alimony nor did she want him to be obligated for more alimony, because she wished to be independent. The son never heard alimony mentioned afterward.

In the light of all the evidence before the trial court, its order vacating the judgment entered January 5, 1946, and modifying the original decree so as to relieve defendant from the payment of alimony after January 5, 1936, was in the exercise of sound discretion and is well sustained by the evidence.

■ On the oral argument before this court counsel indicated that they would consent to an order of this court or the trial court regarding future alimony between these parties. The record indicates that the consideration of the trial court was entirely directed toward accrued alimony. There is nothing in the record which shows us what the actual situation is or was at the time of the hearing.

The order of the trial court is affirmed, with leave to plaintiff to apply for reconsideration of alimony for the future. Plaintiff is awarded $300 attorneys' fees and her costs and disbursements here. Affirmed.