LLOYD LeFEBVRE v. HELEN MARIE LeFEBVRE.

232 N. W. 2d 786.

August 22, 1975—No. 45126.

*Dudley, Smith & Belisle, Wayne T. Belisle,* and *James E. Speckmann,* for appellant.

*Schway & Gotlieb* and *Eugene J. Schway,* for respondent.

Heard before Otis, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

196

YETKA, JUSTICE.

Appeal by defendant from an order of the Washington County District Court, denying her motion for vacation of a decree granting plaintiff a divorce and for amended findings or for a new trial. We affirm.

We do not deem it necessary to recite the voluminous facts that are part of the record in this case and have been compiled over an 8-year period. However, it is essential to have some of the background, which we summarize as follows:

When marital discord developed between the parties in 1967, defendant brought an action against plaintiff in Ramsey County, which she alleges was for equitable support. The first action was apparently abandoned because of an alleged condonation. A second action was brought in 1968 by defendant against plaintiff. In that second action, defendant was given temporary relief by the court, providing, among other things, that the parties be restrained from molesting, harming, threatening, or interfering with one another; that the assets of the parties be preserved; that the wife be granted the exclusive temporary possession and use of the parties' home; and that the husband was to pay mortgage payments on it. The husband was ordered to pay temporary alimony pending the action in the sum of $227 per month to defendant. As additional alimony, plaintiff was ordered to keep the medical insurance covering defendant in force and effect, and to pay all of the debts of the parties incurred prior to May 13, 1968.

In that action brought by defendant, plaintiff counterclaimed for a divorce or for separate maintenance. Plaintiff was denied relief after trial held on May 6, 1969. On May 20, 1969, the District Court of Ramsey County issued findings of fact, which provided in part:

"[Defendant], in her action, has alleged that the [plaintiff] has failed to adequately support her, has removed himself from

the family home; that the [plaintiff] has kept company with another woman, has spent large sums of money on her over the past three to three and one-half years and claims said actions have interfered with his ability to properly support the [defendant].

"[Plaintiff], under his cross-complaint, seeks a divorce on the grounds of cruel and inhuman treatment on the part of the [defendant]. [Defendant], in her reply to the cross-complaint, alleges a defense in the nature of recrimination."

The court subsequently issued an "ORDER AND DECREE," finding in part:

(1) [Plaintiff], Lloyd LeFebvre is not entitled to an absolute divorce (thereby dismissing his cross-complaint).

(2) [Plaintiff] must pay to [defendant] the sum of $477.50 per month "for support." (This amount includes $198 per month mortgage payment for the homestead at 1385 Ripley Street).

(3) [Plaintiff] must pay $500 to [defendant's] attorneys.

On June 10, 1970, the matter was the subject of a hearing before the referee of the Family Court Division of the Ramsey County District Court. Two orders resulted from that hearing, both of which specifically referred to the "ORDER AND DECREE" of June 2, 1969 as a "Decree of Equitable Support."

The action giving rise to the instant appeal was initiated by plaintiff in Washington County District Court. In his complaint, plaintiff sought an absolute divorce from defendant under Minn. St. 1971, § 518.06(8), alleging that "the parties have been continuously separated under an Order providing for separate maintenance for a period of two years immediately preceding the commencement of this action * * *."

In her answer, defendant specifically denied that the parties have been separated under an order for separate maintenance.

On January 25, 1972, when the matter came on for trial, the parties offered a stipulation covering a list of agreed-upon assets, the parties' opinions as to valuation, and their respective

demands as to distribution of those assets in the event a divorce was granted.

On February 22, 1972, the trial court issued findings of fact, conclusions of law, and order for judgment providing in part that plaintiff was entitled to an absolute divorce from defendant under Minn. St. 1971, § 518.06(8), that he should pay the sum of $450 per month to defendant as permanent alimony, and providing also for a division of the parties' assets.

On March 10, 1972, defendant moved to have these findings set aside, and further requested a full hearing on the merits of the divorce and the evaluation of the property involved.

On August 1, 1972, the aforesaid findings were vacated by the court and the matter was slated for trial. This trial was held on August 27, 1973.

On December 17, 1973, the court issued findings of fact, conclusions of law, and order for judgment granting plaintiff an absolute divorce from defendant under § 518.06(8). The court ordered distribution of the assets, set permanent alimony at $90 per week, and forgave any and all delinquency in the payment of temporary alimony. Judgment accordingly was entered on December 24, 1973. Defendant has appealed from the order denying her subsequent motion to vacate the judgment and for amended findings or, alternatively, a new trial.

The questions raised on this appeal are whether the relief granted to defendant in 1969 by Ramsey County District Court was an order or decree of separate maintenance for purposes of Minn. St. 1971, § 518.06(8); and whether the trial court committed reversible error by forgiving arrearages in temporary alimony which had accrued prior to the date of the granting of the divorce.

Defendant attacks the trial court's conclusion that the "ORDER AND DECREE" issued on June 2, 1969, in Ramsey County District Court was an order for "separate maintenance" for purposes

of § 518.06(8).[1] Defendant contends that since her action sought support and the aforesaid order and decree was in effect an order for equitable support, the trial court could not grant plaintiff a divorce under § 518.06(8).

An identical challenge to a divorce decree was brought before this court in Wyman v. Wyman, 297 Minn. 465, 212 N. W. 2d 368 (1973). However, this court did not decide that case on the basis of the issue framed by the parties. Rather, this court found that the party seeking the divorce did not satisfy the 1-year residential requirements of Minn. St. 1971, § 518.07, and, therefore, held that the divorce was improperly granted.

We do not deem it necessary to determine in this case whether the statute is applicable to both common-law orders for support and common-law or statutory orders for separate maintenance, because we agree with the trial court that there is ample evidence in the record that the relief awarded defendant by the Ramsey County District Court in 1969 was an order for separate maintenance under Minn. St. 1971, § 518.06(8). Therefore, either party had grounds for divorce 2 years after the entry of said order.

In the Ramsey County proceedings plaintiff in this action was ordered to make mortgage payments on the homestead of the parties and to pay alimony to the wife.

On the question of the court's disposition of alimony arrearages, there is a good deal of evidence that the trial judge went to great lengths to explore the financial condition of the parties

---

[1] Minn. St. 1971, § 518.06(8), provided as follows: "A divorce from the bonds of matrimony may be adjudged by the district court for any of the following causes:

\* \* \* \* \*

"(8) Continuous separation under decree of limited divorce for more than five years next preceding the commencement of the action, *and continuous separation under an order or decree of separate maintenance for a period of two years immediately preceding the commencement of the action.*" (Italics supplied.)

This section has been amended by L. 1974, c. 107, s. 4.

and to make what he considered a fair disposition of the matter. In this state, our district courts are vested with discretionary power to cancel past-due alimony obligations, even though this court has said that such power should be "exercised cautiously upon satisfactory evidence." Conklin v. Conklin, 223 Minn. 449, 450, 27 N. W. 2d 275, 276 (1947).

It is obvious that the trial court should (and did, in fact) consider the total financial picture in making its rulings as to property distribution, permanent alimony, and forgiveness of arrearages in temporary alimony payments.

A look to these circumstances reveals that defendant cannot work in gainful employment. Rather, the sole source of income for both parties is plaintiff, who is an employee and part owner (25 percent) of two closely related corporations. At the time of trial one of these corporations was close to bankruptcy while the other was struggling to remain solvent. These financial problems had caused plaintiff's income to drop almost 50 percent during the two years prior to trial.

The duty of the trial court in such a situation must be to establish practical terms in order to avoid future litigation, as opposed to unrealistic provisions which would saddle plaintiff with financial obligations beyond his ability to pay. The trial court had a right to consider the fact that directing plaintiff's limited earning power toward the payment of delinquent temporary alimony would result in a reduction in his ability to pay as much future permanent alimony.

Moreover, in its memorandum accompanying the order denying defendant's post-trial motion, the trial court expressly stated that if plaintiff's financial picture improves, then defendant may well be able to use that argument for a request for increased alimony.

In summary, the trial court has the duty to look to the total circumstances and, on appeal, this court must review all provisions of the decree in order to determine whether there was an abuse of discretion on the part of the trial court. We find none.

Both parties have had more than their day in court. In fact, this case involves a situation where too much time and expense have been devoted to a marriage which, for all practical purposes, has long existed only in form.

Affirmed.