In re the Marriage of Sherri Kay
BRAUN, petitioner, Respondent,

v.

Dean Dennis BRAUN, Appellant.

No. C2–84–168.

Court of Appeals of Minnesota.

July 3, 1984.

Terence M. Dempsey, New Ulm, for appellant.

R.T. Rodenberg, Brown County Atty., James R. Olson Asst. County Atty., New Ulm, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a judgment ordering appellant to pay $100/month in child support for his two children and $1,200 in back support for 1983. We affirm in part, reverse in part, and remand.

## FACTS

Sherri Braun and Dean Braun were married in 1979, and divorced in January 1983. They have two children who live with their mother, an unemployed AFDC recipient. At the dissolution hearing, the husband testified that he was temporarily disabled due to a motorcycle accident and was unable to work. The court ordered that he keep the Brown County Family Service Center advised as to his work status and his pending liability claim.

On November 1, 1983 Dean Braun began working as a hired hand on his father's farm for $45/week plus room and board. About two weeks later he received a settlement on his liability claim totalling $18,500. After attorneys fees and medical expenses were deducted appellant netted $8,900.

From that amount appellant paid a $4,000 outstanding bill to Gene's Skelly. He paid another $4,000 outstanding personal loan to his father. Another $400 was paid to a local TV and stereo dealer for merchandise purchased. Appellant can't account for the way in which he spent the remaining $500.

Appellant has 15% permanent disability of his back as a result of the accident. The $8,900 was his only source of income in 1983 until he started working for his father.

In December of 1983 Sherri Braun petitioned the court to hold appellant in contempt of court for failing to report that he was working and that he received settlement on his liability claim.

The court found Dean Braun in contempt of court and ordered him to pay the Brown County Family Service Center $100 per month child support, and an additional $100 per month in back support for the year 1983.

## ISSUE

Did the trial court abuse its discretion in awarding back support and future child support payments?

## ANALYSIS

■ A trial court has broad discretion in awarding child support. *Johnson v. Johnson*, 250 Minn. 282, 84 N.W.2d 249 (1957). Absent a clear showing of an abuse of that discretion, the decision of the trial court will not be reversed. *Peterson v. Peterson*, 304 Minn. 578, 231 N.W.2d 85 (1975); *Hennessy v. Stelton*, 302 Minn. 550, 224 N.W.2d 926 (1974).

■ Since appellant's food and shelter are provided without charge, the $195 he earns per month is discretionary income. Therefore, the trial court did not abuse its discretion in ordering appellant to pay $100 per month for the support of his two children.

■ The trial court did not abuse its discretion in ordering appellant to pay $1,200 in back support. Appellant received $8,900 in a lump sum liability settlement in November 1983. From this amount he did not contribute anything to his children's support. Rather, he spent this money in

part on stereos and other comforts for himself. The forgiveness of past child support, where the interests of the children are paramount, should be most cautiously exercised. *Bledsoe v. Bledsoe,* 344 N.W.2d 892 (Minn.Ct.App.1984).

The trial court, however, did err in ordering appellant to pay the $1,200 back support within one year, at $100 per month. In *LeFebvre v. LeFebvre,* 305 Minn. 195, 232 N.W.2d 786, (1975) the court said in determining whether to cancel past due obligations, the duty of the trial court is to establish practical terms in order to avoid future litigation, as opposed to unrealistic provisions which would saddle the paying party with financial obligations beyond his ability to pay.

Since appellant is only making $195 per month it is unrealistic to order him to pay $200 per month and expect he will pay it. The present order saddles appellant with financial obligations beyond his ability to pay.

### DECISION

The trial court's determination of the amounts of child support, including back support, is affirmed. We remand to the trial court with instructions to determine a reasonable time within which appellant must pay the $1,200 in back support in light of his ability to pay.