**Lynn Marie POTOCNIK,
Petitioner, Appellant,**

v.

**Joseph Stephen POTOCNIK,
Respondent.**

**No. CX–84–1780.**

Court of Appeals of Minnesota.

Jan. 22, 1985.

Alan L. Mitchell, St. Louis County Atty., James B. Florey, Asst. County Atty., Virginia, for appellant.

Malcolm H. Greenberg, Virginia, for respondent.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

The future support obligation of Joseph Stephen Potocnik was determined in an amended judgment two years after dissolution of the marriage of the parties. Lynn Marie Potocnik appeals, contending that a larger award is required as a matter of law. We affirm.

## FACTS

The marriage of the parties was dissolved in July 1982. Custody of their one-year old daughter was placed with Lynn Marie Potocnik. Respondent Joseph Ste-

phen Potocnik was then in his junior year in a college engineering program, and the trial court reserved a decision on child support.

In March 1982, support payments by respondent were ordered in a North Dakota reciprocal support case. Respondent was required to make $50.00 monthly payments for twenty-four months, and thereafter to make $150.00 monthly payments. Respondent complied with the reciprocal support order.

In May 1984, after respondent succeeded in obtaining an employment position at Orlando, Florida, he petitioned for an amendment of the 1982 dissolution judgment to include declaration of his future support obligation. He furnished an affidavit to the court on his resources and needs, and asked that the trial court depart below an amount calculated under statutory guidelines set forth in Minn.Stat. § 518.551, subd. 5 (Supp.1983). Respondent proposed $125.00 monthly payments for two years, followed by $175.00 monthly payments for two years, followed by $250.00 monthly payments. He acknowledged that $308.30 per month would be required if the award were calculated under the guidelines chart. At the time of the hearing on respondent's motion, public assistance of $412.00 was being paid for the child and her mother.

Respondent proposed a departure below the statutory guidelines based on his temporary needs. He reported living expenses of $892.00 per month, additional expenses for visitations with his daughter in Florida, and a monthly cost of $211.50 on college loans with a balance at the time of $9,074.03. He reported his ability to substantially eliminate his educational loans within three years.

The trial court found that a reasonable amount of support would be in the amount of $200.00 per month for eighteen months, followed by $250.00 monthly payments for eighteen months, followed by $300.00 monthly payments. The court found that the child and her mother received public assistance, and repeated respondent's re-

port on his needs and resources. The trial court cited visitation costs and student loan payments in its statement of a decision to depart from statutory child support guidelines.

## ISSUE

Did the trial court err in determining the reasonable support obligation of respondent?

## ANALYSIS

■ Unless the court clearly erred, its finding on the reasonableness of a child support obligation cannot be overturned on appeal. Minn.R.Civ.P. 52.01. Similarly, a child support decision of the trial court will not be reversed in the absence of a "clear showing" of abuse of its "broad discretion." *Braun v. Braun,* 350 N.W.2d 492, 493 (Minn.Ct.App.1984).

■ The trial court must determine the "amount reasonable or necessary for [child] support." Minn.Stat. § 518.17, subd. 4 (1984). The same statute demands that the court disregard marital misconduct and consider financial factors, specifically including the "needs" and the "resources" of the child, the custodial parent, and the noncustodial parent. *Id.* Here the trial court findings deal appropriately with evidence on needs and resources. The court found needs of the child and the custodial parent in excess of their resources and in excess of the amount respondent was able to pay. Other findings deal with needs and resources of respondent. The trial court did not abuse its discretion on the child support award, and we must affirm its decision.

Appellant contends the award should be reversed by application of the statutory child support guidelines. Minn.Stat. § 518.551, subd. 5 (1984). The trial court elected to depart from the guidelines. The statute provides:

> The court may order the noncustodial parent to pay support in an amount below the appropriate amount determined from the guidelines in section 518.551,

subdivision 5 for use in public assistance cases, only after considering the factors in subdivision 4 of this section and making express findings of fact as to the reason for the lower order. An order for support in an amount below the guidelines must include findings of fact regarding the financial resources and needs of the child.

Minn.Stat. § 518.17, subd. 5 (1984).

> The above guidelines are binding in each case unless the court makes express findings of fact as to the reason for departure below the guidelines in that case in which the court orders support that so deviates from the guidelines.

Minn.Stat. § 518.551, subd. 5(e) (1984).

Here the court made the findings of fact required by the two statutory sections dealing with departure. The findings acknowledge the needs of the child and her mother, and otherwise deal with factors enumerated in Minn.Stat. § 518.17, subd. 4. The findings indicate the reasons for departure below the guidelines.

The child support guidelines "take into consideration" the needs and resources of the child and the parents. Minn.Stat. § 518.551, subd. 5(a). In spite of the guidelines, however, the trial court is given the freedom it exercised here to receive evidence on needs and resources in order to consider departure from the guidelines. Minn.Stat. § 518.551, subd. 5(d).

We have previously spoken of the reasonableness in reducing child support when required due to visitation costs. *Meyer v. Meyer,* 346 N.W.2d 369, 372 (Minn.Ct.App. 1984). Here the court received other detailed evidence on the needs of respondent and the court acted within its discretion in finding cause for departure.

Finally, appellant contends the child support order should be reversed because the court based its departure decision in part on evidence of payments respondent will make during a three-year period on educational loans. The statutes limit judicial consideration to be given to "debts owed to private creditors." Minn.Stat. § 518.551, subd. 5(b). Departure based exclusively on

consideration of private debts can be for a term of no more than eighteen months. Debts to be considered include those incurred for necessary generation of income, but private debts are not a proper basis for reducing a right to support assigned to a public welfare agency. *Id.*

Private debts were not the exclusive factor considered by the trial court in its departure from statutory support guidelines. Rather, the court considered visitation costs and looked at the report on the needs of the noncustodial parent. The broad discretion of the trial court on the reasonableness of child support was properly employed outside the narrow confines of the private debt statute.

## DECISION

The child support decision of the trial court was within its broad discretion.

Affirmed.