**In re the Marriage of Raymond Louis PREBIL, Petitioner, Appellant,**

**v.**

**Patricia Harriet (Prebil) JUERGENS, Respondent.**

**No. C4–85–1008.**

Court of Appeals of Minnesota.

Dec. 17, 1985.

Thomas B. Wieser, Meir, Kennedy & Quinn, St. Paul, for appellant.

Gregory E. Korstad, Isanti Co. Atty., Cambridge, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and LESLIE and NIEREN-GARTEN, JJ.

## OPINION

LESLIE, Judge.

Husband appeals trial court's ruling increasing his child support payments, refusing to forgive child support arrearages, and holding appellant in contempt for his failure to make support payments. We affirm in part and reverse in part.

## FACTS

On July 1, 1961, appellant Raymond Prebil and respondent Patricia (Prebil) Juergens were married. They had three children, one of whom is still a minor. In May 1977, they were divorced. Respondent was granted custody of the children. Appellant was ordered to pay child support of $133 per month per child for a total of $399 per month.

Appellant had financial problems in 1982 and filed for bankruptcy. He was unemployed for two and one-half months in 1983 and for five months in 1984. During his periods of unemployment, he received compensation payments of $191 per week. He has remarried and now lives with his wife and her two children and two grandchildren.

Respondent also had financial problems, and in August 1984, she applied for public assistance in Isanti County. In order to qualify for public assistance, the county required respondent to assign to the county her right to receive child support payments. On November 7, 1984, an ex parte order was entered notifying appellant of the county's intent to withhold child support from his wages if he failed to make the support payments on time.

In response, appellant filed a pro se motion for reduction of his support payments. As part of the motion, appellant completed an obligor's affidavit that stated that he had been employed for two months and that each week he grossed $403.85 and netted $299.46 in income. Appellant stated

that he had rental income of $300 per month, but that this income would terminate in the spring. He listed his total monthly expenses, not including child support, as $1761—approximately $450 more than his wages. He felt that his obligation should be decreased because his earnings, when cost of living was accounted for, had substantially decreased, and because respondent's needs had substantially decreased.

On the day before appellant's motion was set for a hearing, respondent served a motion requesting the following: (1) an increase in child support in accordance with the child support guidelines; (2) that accrued child support arrearages be reduced to judgment; (3) that the support obligation be periodically adjusted for changes in cost of living; and (4) that appellant be found in contempt of court for his failure to pay child support as previously ordered.

A short hearing was held on January 24, 1985. Appellant appeared pro se and testified at some length concerning his financial predicament. Respondent, who was not present, was represented by the Isanti County Attorney. The only statement on the merits of the case made by respondent's attorney was that appellant was earning more than he earned in 1977 and that respondent was on welfare.

On March 26, 1985, the court issued its findings and order. The court found that at the time of the divorce, appellant had a net monthly income of $957.94. The court further found that appellant's present net monthly income was $1,287.68. The court specifically found that this was "a substantial change in the circumstances of Petitioner." The court then ordered an increase in child support payments, in accordance with the child support guidelines, to $322 per month. The court refused to forgive any child support arrearages, and also found appellant in contempt for failing to abide by the terms of the original decree.

## ISSUES

1. Did the trial court abuse its discretion in increasing appellant's child support obligation?

2. Did the trial court abuse its discretion in refusing to forgive payment of the accrued child support arrearages?

3. Did the trial court err in finding appellant in contempt of court?

## ANALYSIS

■ 1. Minn.Stat. § 518.64, subd. 2 (1984) provides for modification of support and maintenance payments. It reads as follows:

> [T]he terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

Under the terms of this statute, the moving party must prove two elements. First, one of the four enumerated changes in circumstances must be present. Second, this change must make the terms of the original decree unreasonable and unfair. *See Derence v. Derence,* 363 N.W.2d 86, 88 (Minn.Ct.App.1985).

The standard of this court's review is limited. It is well established that the trial court has broad discretion in deciding whether circumstances have changed sufficiently to necessitate modifying child support arrangements, and appellate courts should not reverse the trial court's decision unless there is a clear abuse of discretion. *Fitch v. Fitch,* 298 Minn. 529, 530, 213 N.W.2d 925, 927 (1974); *Bledsoe v. Bledsoe,* 344 N.W.2d 892, 895 (Minn.Ct.App. 1984).

■ In appellant's affidavit in support of his motion to reduce support payments, he

stated that his net monthly income from his job was $1,287.68. The dissolution record clearly supports the trial court's finding that appellant's 1977 monthly income was $957.94. Therefore, appellant's present income, excluding any rental income or his current wife's income, is thirty-four percent greater than it was in 1977. Although the trial court may have erred in finding that appellant was gainfully employed since May 1982, the statements made in the affidavit support a finding that appellant's income had substantially increased since the divorce in 1977. This court recognizes that a thirty-four percent increase in wages during this seven year period is certainly not an extraordinary increase, but given the limited scope of our review we cannot say that the trial court abused its discretion in finding that appellant's income had substantially increased.

■ The trial court made no specific finding concerning the unfairness or unreasonableness of the original decree, and the record contains little evidence concerning this issue. Although this is somewhat troubling, the record is not so incomplete as to warrant remanding for new findings. *See Giencke v. Haglund,* 364 N.W.2d 433, 435 (Minn.Ct.App.1985) (findings are not absolutely necessary where a court modifies a judgment of dissolution under Minn. Stat. § 518.64, subd. 2).

■ The record clearly shows that respondent is receiving public welfare assistance. It is unfair to force a parent and child to seek public welfare because the former spouse's child support payments are inadequate. *See Swanson v. Swanson,* 372 N.W.2d 420, 423 (Minn.Ct.App.1985). This is especially true in this case because appellant's income has substantially increased.

2. The trial court also found that appellant had "knowingly and willfully failed to abide by the terms and conditions" of the original order. The court therefore ordered appellant to pay the child support arrearages. Appellant claims that this was erroneous.

■ Trial courts should exercise caution in forgiving arrearages, and should forgive only upon a showing of substantial evidence. *LeFebvre v. LeFebvre,* 305 Minn. 195, 200, 232 N.W.2d 786, 789 (1975). Forgiveness of unpaid child support is dealt with in Minn.Stat. § 518.64, subd. 2. This section states that a "modification which decreases support or maintanance may be made retroactive only upon a showing that any failure to pay in accord with the terms of the original order was not willful." This court has stated that an order to forgive accrued unpaid support payments should be granted only if the moving party proves that a substantial change in circumstances has rendered the terms of the original order unreasonable and unfair and that the failure to pay support according to the original terms was not willful. *See Miller v. Miller,* 370 N.W.2d 481, 484 (Minn.Ct. App.1985).

■ The trial court found that appellant's failure to pay the support was willful. Appellant claims that this is erroneous because he was unemployed and had substantial debts. Although no one has suggested that appellant's financial problems are not bona fide, the large bills were incurred in part because of his remarriage. Although appellant had a right to remarry, he cannot in good faith require his former wife and children to share his newly assumed burdens by refusing to make child support payments. *See Weinand v. Weinand,* 286 Minn. 303, 307, 175 N.W.2d 506, 509 (1970). Furthermore, even when appellant was unemployed, his support payments were lower than those recommended by the support guidelines.

■ 3. The trial court also found appellant in contempt for failing to make past child support payments. The court sentenced him to ninety days in jail but suspended the sentence on the condition that appellant pay the arrearages. Because appellant stated that he could not afford counsel, and because incarceration was a real possibility, the trial court should have immediately suspended the hearing and determined whether appellant qualified for

appointed counsel pursuant to Minnesota Rule of Criminal Procedure 5.02, subd. 3. *See Cox v. Slama,* 355 N.W.2d 401, 403–04 (Minn.1984); *Henry v. Henry,* 370 N.W.2d 43, 46 (Minn.Ct.App.1985). The trial court in the present case erred in not doing so.

### DECISION

Because we feel the trial court did not abuse its discretion in increasing appellant's support payments and in refusing to forgive support arrearages, we affirm on those issues. Because appellant informed the court that he could not afford counsel, we reverse on the contempt order.

Affirmed in part and reversed in part.