**In re the Marriage of Leland TOLLEFSON, Petitioner, Appellant,**

**v.**

**LaDonna TOLLEFSON, Respondent.**

No. C8–86–1622.

Court of Appeals of Minnesota.

April 14, 1987.

Samuel C. Tripp, Wyant & Morgeson, P.A., Edina, for appellant.

James D. Schlichting, Peterson, Schlichting & Davies, Albert Lea, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

The trial court denied Leland Tollefson's post-trial motions on the issues of custody, maintenance, support and maintenance arrearages, and attorney's fees, and he appeals. LaDonna Tollefson requests review of the marital property division and the award of attorney's fees. We affirm.

## FACTS

Leland and LaDonna Tollefson separated in December 1984 after 23 years of marriage. Leland Tollefson moved to Faribault, where his office was headquartered. LaDonna Tollefson remained at home in Albert Lea with their minor children, Daniel and Amy.

Leland Tollefson is 43 years old and has worked for 20 years as a contract estimator at Bituminous Materials, Inc. (BMI). His job requires extensive travel, mostly during the summer months, and he drives a company car. His employment provides health insurance and occasional meals while away from home. He earned $37,591.16 in gross income from BMI in 1985. In addition, he earned approximately $8,400 from 1980 to 1985 by working nights and weekends at Soil Stabilization, Inc., a seal coating offshoot of BMI. He stopped working for Soil Stabilization in 1985 because it interfered with his weekend visitations with his daughter, Amy.

LaDonna Tollefson, 41, works part-time as a licensed practical nurse. For the last five years she has worked in the adolescent chemical dependency unit at Fountain Centers in Albert Lea. During the marriage she managed the parties' household while raising their three children. From June 1974 to July 1976, she worked part-time at Naeve Hospital. She quit to attend vocational school to earn her LPN, graduating in July 1977. Before beginning work at Fountain Centers, she again worked part-time at Naeve Hospital and at St. John's Nursing Home.

Her normal work schedule at Fountain Centers is six shifts, or 48 hours per pay period. Although she is willing to work additional hours, her schedule is determined by patient census. Advancement at Fountain Centers is based on seniority. A full-time position opened in October 1984, but was filled by a more senior nurse. No other openings have occurred.

After he moved out in December 1984, Leland Tollefson provided $125 per week in child support, but stopped paying on April 14, 1985. LaDonna Tollefson applied for temporary relief on June 3, 1985, stating

she could no longer provide for their children without support. The trial court granted temporary relief on July 1, 1985, and ordered Leland to pay LaDonna $131 per week as temporary child support and $75 weekly as maintenance. The court also ordered him to immediately pay $1,441 as arrearages in child support payments and $750 as arrearages in maintenance.

Both parties requested modification of the order, and on September 27, 1985, the trial court reduced the amount of weekly child support from $131 to $118 because their son, Daniel, was no longer a minor. The court did not adjust the maintenance award and refused to order a judgment for unpaid arrearages until more complete information could be provided at the final hearing.

Leland Tollefson did not pay all the maintenance and child support he was ordered to pay under the September 27 order. Substantial amounts remained unpaid when the final hearing was held on April 2, 1986.

At the final dissolution hearing the court awarded LaDonna Tollefson sole physical and legal custody of their daughter, Amy, and ordered Leland Tollefson to pay $98 per week as child support and $102 per week as spousal maintenance for a period of five years, with the issue reserved after that time.

Leland Tollefson received his pension of $46,081.50, a travel trailer worth $7,800, life insurance policies with cash surrender values totalling $8,964, household goods, guns, and other personal property worth $2,860, for a total of $65,705. He was also ordered to pay two debts amounting to $1,567 and a property settlement of $5,000 to LaDonna Tollefson, payable in five installments at five percent interest. His net property settlement came to $59,138. The court awarded LaDonna Tollefson the house with a net equity of $43,125, life insurance policies with cash surrender values of $474, a car worth $650, and household goods and personal property worth $6,450. Adding the property settlement of $5,000, her total settlement was $55,699, less debts of $2,092.09, for a net of $53,-606.91.

Leland Tollefson brought a post-trial motion to amend the findings and order and for a new trial. The trial court amended the findings and conclusions of law on August 27, 1986, and amended the arrearages for maintenance and support from $4,935 to $5,685. Leland Tollefson appeals from the denial of his motion for a new trial.

## ISSUES

Did the trial court abuse its discretion in:

(a) refusing to grant appellant joint legal custody of their minor child?

(b) awarding respondent less marital property than appellant?

(c) awarding respondent spousal maintenance of $102 per week for five years?

(d) ordering appellant to pay arrearages for unpaid maintenance and support?

(e) ordering appellant to pay respondent $7,000 in attorney's fees?

## ANALYSIS

### (a) Custody

■ Appellate review of custody determinations is limited to whether the trial court abused its discretion by improperly applying the law or making findings unsupported by the evidence. *Pikula v. Pikula,* 374 N.W.2d 705, 710 (Minn.1985) (citing *Weatherly v. Weatherly,* 330 N.W.2d 890 (Minn.1983.) Although Leland Tollefson does not contest the grant of sole physical custody to LaDonna Tollefson, he argues the denial of joint legal custody was an abuse of discretion.

In considering custody, the trial court specifically addressed each statutory factor contained in Minn.Stat. § 518.17. The court noted the "unusually bitter and hostile" attitudes between the parties and expressed strong concerns that they would be unable to make joint decisions in their daughter's best interest. This is a "relevant factor" under Minn.Stat. § 518.17, subd. 1(c) and (g) (1984). After evaluating the evidence, the court followed the guardian ad litem's recommendation that it was in the best interest of the child to provide sole legal custody.

The evidence supports the trial court's grant of sole physical and legal custody to LaDonna Tollefson, and we do not find an abuse of discretion. The guiding principle in all custody cases is the best interest of the child. *Pikula,* 374 N.W.2d at 711 (citing *Berndt v. Berndt,* 292 N.W.2d 1, 2 (Minn.1980)).

### (b) Property Division

LaDonna Tollefson received 48 percent of the marital estate. She claims she is entitled to 50 percent and asks for a supplemental award, either of additional property or of attorney's fees. Minnesota Statute § 518.58 (1984) requires a just and equitable division, but not necessarily an equal one. *Ruzic v. Ruzic,* 281 N.W.2d 502, 505 (Minn.1979). One of the factors to be considered under the statute is the amount of maintenance, if any, awarded.

Upon review, the trial court's division of property is to be given great deference. *Rohling v. Rohling,* 379 N.W.2d 519, 522 (Minn.1986). Taking Leland Tollefson's maintenance obligation into account, we conclude that the trial court's award of marital property is not an abuse of discretion. *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984).

### (c) Maintenance

In awarding maintenance, the court is required to consider the financial resources of the parties; the time and training necessary to return the party seeking maintenance to the work force, and the probability, given the party's age, physical and emotional condition and skills, of becoming fully or partially self-supporting; the standard of living established during the marriage; and the duration of the marriage and the homemaker's length of absence from employment. *See* Minn.Stat. § 518.552, subd. 2 (1984). No single factor is dispositive in awarding maintenance. *Erlandson v. Erlandson,* 318 N.W.2d 36, 38 (Minn.1982). On review, maintenance awards will be affirmed unless they are a clear abuse of discretion. *Broms v. Broms,* 353 N.W.2d 135, 137 (Minn.1984).

Leland Tollefson disputes the amount of the award, arguing LaDonna Tollefson's monthly budget was exaggerated and that she could adequately support herself by working full-time. This argument overlooks the court's findings. The court reasonably reduced the amount of LaDonna Tollefson's budget in calculating the award. Full-time positions at Fountain Centers are available only on a seniority basis, and LaDonna has not worked long enough to obtain a full-time position.

The trial court made specific factual findings on each of the statutory factors and determined that the maintenance award did not exceed Leland's capacity to pay. The maintenance award does require a substantial commitment of Leland Tollefson's finances over the next five years. We note, however, that in the marital property division, Leland received most of the liquid assets. These assets could be applied to this temporary obligation. The evidence supports the award of maintenance and is not a clear abuse of discretion. *Hempel v. Hempel,* 225 Minn. 287, 30 N.W.2d 594, 597 (1948).

### (d) Arrearages

Leland Tollefson claims the amounts of accrued maintenance and child support arrearages are based on LaDonna's misstatement of her net monthly income in her original application for relief.

The trial court has discretionary power to forgive arrearages in dissolution cases, but that power should be exercised cautiously upon satisfactory evidence. *LeFebvre v. LeFebvre,* 305 Minn. 195, 200, 232 N.W.2d 786, 789 (1975) (citing *Conklin v. Conklin,* 223 Minn. 449, 450, 27 N.W.2d 275, 276 (1947)). At the final hearing the trial court had before it the complete record of earnings and tax records dating back to the initial separation. Although Leland Tollefson presented evidence his wife's monthly income was understated, in light of the full record, the trial court declined to modify its earlier order.

A modification which retroactively decreases support is permissible only upon a showing that any failure to pay in accord with the terms of the original order was not willful. *See* Minn.Stat. § 518.64, subd. 2 (Supp.1985); *Swanson v. Swanson,* 372

N.W.2d 420, 424 (Minn.Ct.App.1985). Leland Tollefson did not show that his past failure to pay was not willful. We affirm the trial court's order on arrearages.

### (e) Attorney's Fees

■ The trial court awarded LaDonna Tollefson $7,000 in attorney's fees. Leland Tollefson argues the award is unreasonably high. LaDonna Tollefson argues, since she received less than her fair share of marital property, she should receive an additional $3,000 as attorney's fees.

The amount of attorney's fees allowed rests within the discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion. *Borchert v. Borchert*, 279 Minn. 16, 21, 154 N.W.2d 902, 906 (1967). Given Leland Tollefson's refusal to fully comply with the initial court order, which protracted the proceedings and increased his wife's legal fees, we hold the award of attorney's fees is not an abuse of discretion. *See Bollenbach v. Bollenbach*, 285 Minn. 418, 440, 175 N.W.2d 148, 162 (1970); *Quade v. Quade*, 367 N.W.2d 87, 90 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. July 11, 1985).

### DECISION

Affirmed.