In re the Marriage of Robert John **BRUNER, Jr., petitioner, Respondent,**

v.

**Janice Mary BRUNER, Appellant.**

No. C4-88-651.

Court of Appeals of Minnesota.

Sept. 27, 1988.
Review Denied Nov. 30, 1988.

Allen W. Elleraas, St. Cloud, for petitioner, respondent.

Richard T. Jessen, Benton Co. Atty., Corey M. Conover, Suzanne Bollman, Asst. Co. Attys., Foley, for appellant.

Jean M. Gerval, Exec. Dir., William J. Jeronimus, Janice A. Wheat, St. Paul, for amicus curiae Minnesota Co. Attys. Ass'n.

Heard, considered and decided by SCHUMACHER, P.J., and RANDALL and MULALLY, JJ.*

## OPINION

RANDALL, Judge.

The parties' marriage was dissolved, and respondent Robert John Bruner, Jr., was ordered to pay child support. In September 1987, appellant Janice Bruner moved for an order holding respondent in civil contempt for failing to comply with the original support order or two subsequent orders to pay arrearages. In a motion filed October 27, 1987, respondent moved for modification and forgiveness of arrearages. Janice Bruner appeals the trial court's retroactive modification of the child support order and forgiveness of a portion of child support arrearages accrued from June 2, 1986, onward. We affirm in part and reverse in part.

## FACTS

Janice and Robert Bruner's marriage was dissolved in 1984. Appellant was awarded physical custody of the parties' two minor children. Respondent was ordered to pay child support as follows:

As and for Child Support of the minor children of the parties hereto, [respondent] shall have a Child Support obligation to [appellant] in the sum of One hundred dollars ($100.00) per child per month. However, the Court recognizes that [respondent] does not have the present financial ability to meet his Child Support obligations. In recognition of [respondent's] financial circumstances, [respondent] shall presently pay a minimum of Thirty-five dollars ($35.00) per month per child to [appellant], with arrearages, defined as the difference between the Child Support owing calculated on the basis of One hundred dollars ($100.00) per month and the money actually paid by [respondent], accruing until such time as [respondent] is financially able to make repayment of same.

The dissolution court's only finding as to respondent's income was that he was self employed, and had yet to generate any meaningful income. Respondent owns an auto body shop, which is not very profitable. Appellant has been receiving AFDC.

On July 2, 1985, respondent was ordered to pay $600 to satisfy arrearages on the minimum obligation of $35 per child per month. The trial court found respondent willfully neglected his child support obligation by voluntarily incurring and paying additional financial obligations. A subsequent proceeding was brought to recover child support arrearages. On June 2, 1986, the trial court found that of additional arrearages, $920 was absolutely due, that respondent had failed to make the minimum payment although he was able to do so, and that failure to make payment would constitute civil contempt. Appellant purged the contempt by paying the $920.

In a motion filed July 16, 1987, appellant, through the county attorney, moved for an order: (1) holding respondent in civil contempt for failing to comply with prior court orders; (2) ordering him to pay arrearages owing as of the date of the hearing; (3) ordering a cost of living adjustment pursuant to Minn.Stat. § 518.641; (4) entering a withholding order pursuant to Minn.Stat. § 518.611; (5) ordering respondent to maintain medical, hospitalization and dental coverage for the children pursuant to Minn. Stat. § 518.171; (6) and other relief.

On September 24, 1987, appellant additionally moved for an order modifying the support order to provide that $200 per month be unconditionally payable; compelling respondent to produce documents relating to his income; and awarding fees pursuant to Minn.R.Civ.P. 37.01(4). Respondent then moved for an order (1) forgiving all child support arrearages or, in the alternative, reducing his child support obligation to an amount consistent with his actual income; (2) amending the child support order to an amount consistent with the child support guidelines and other relief.

At the hearing, a bank loan officer testified that respondent had listed a 1987 Har-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

ley Davidson motorcycle to secure a $9,700 loan, and that he was current on making monthly loan payments of $250.75. The trial court found that respondent was able to pay his child support obligation, as demonstrated by his purchase of and regular payments for a 1987 Harley Davidson motorcycle, and that respondent was therefore in constructive civil contempt to the extent he failed to make minimum support payments. The trial court ordered that on the condition respondent pay $710 to purge the contempt, the child support obligation would be retroactively amended to $70 per month from June 2, 1986, and respondent's arrearages from that date forward forgiven to the extent they exceeded $710. The trial court then amended the decree, reducing respondent's child support obligation to $70 per month in the future.

## ISSUES

1. Did the trial court err by retroactively modifying the child support order, contrary to Minn.Stat. § 518.64, subd. 2 (Supp.1987)?

2. Did the trial court abuse its discretion by granting respondent's motion for downward modification of child support?

3. Did the trial court abuse its discretion by denying appellant's motion for upward modification of child support?

4. Did the trial court abuse its discretion by excluding evidence of respondent's conviction of the sale of controlled substances, which appellant offered for impeachment purposes, and to show a possible additional source of income for respondent?

5. Did the trial court abuse its discretion by limiting cross examination of respondent?

## ANALYSIS

### I.

*Retroactive modification*

■ Under the recent amendment of Minn.Stat. § 518.64, subd. 2

[a] modification which decreases support or maintenance may be made retroactive

only with respect to any period during which the support obligor has pending a motion for modification but only from the date that notice of the motion has been given to the obligee and to the court or other entity which issued each support order.

Minn.Stat. § 518.64, subd. 2. The effective date of the amendment is June 13, 1987. 1987 Minn. Laws ch. 403, art. 3, § 90.

The forgiveness of arrearages has been analyzed as retroactive modification. *See Bledsoe v. Bledsoe,* 344 N.W.2d 892, 895 (Minn.Ct.App.1984) (motion for forgiveness of arrearages analyzed as motion for retroactive modification of support obligation).

Here, the trial court made the following conclusions:

[respondent's] child support obligation for the period June 2, 1986, through June 12, 1987, is retroactively amended to the amount of $70.00 per month.

\* \* \* \* \* \*

[A]ll of [respondent's] remaining arrearages for the period June 2, 1986, through June 13, 1987, in the total amount of $2,061.46 are hereby forgiven.

\* \* \* \* \* \*

[C]hild support arrearages for the period of June 13, 1987, through October 26, 1987, in the total amount of $590.00 \* \* \* are hereby forgiven.

The trial court acknowledged the possible applicability of the 1987 amendment of Minn.Stat. § 518.64, subd. 2, but distinguished it on the basis of its characterization of its action as forgiveness of arrearages, not retroactive modification. We do not find the distinction persuasive. *See Bledsoe,* 344 N.W.2d at 895.

Appellant claims that because notice of petitioner's motion for modification was received on October 26, 1987, the trial court erred as a matter of law when it modified the support order by forgiving arrearages accrued prior to that date. *See* Minn.Stat. § 518.64, subd. 2. We agree that the trial court erred by forgiving arrearages accrued after June 13, 1987, the effective date of the amendment. However, arrear-

ages accrued prior to June 13, 1987, are not subject to the § 518.64, subd. 2, amendment on retroactivity, and can be forgiven upon a showing that there was a change of circumstances justifying the modification, and that the moving party's failure to pay was not willful. *Bledsoe*, 344 N.W.2d at 895.

Appellant contends the trial court abused its discretion by forgiving respondent's arrearages because his failure to pay was willful. She claims that, based on the record, respondent cannot maintain that his failure to pay was not willful because he consistently failed to make the minimum payment. However, respondent's nonpayment of the minimum amount was not forgiven. The amount forgiven was the $130 per month due only on the condition respondent was able to make payment. The trial court did not err by finding failure to pay this amount was not willful.

We reverse forgiveness of those arrearages in the amount of $590 accrued between June 13, 1987, through October 26, 1987, the date of respondent's motion.

## II.

*Respondent's motion to modify*

 The terms of a dissolution decree respecting child support:

may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.72 to 256.-87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. * * * On a motion for modification of support, the court shall take into consideration the needs of the children and shall not consider the financial circumstances of each party's spouse, if any.

Minn.Stat. § 518.64, subd. 2 (1986 & Supp. 1987). The moving party has the burden of proof. *Johnson v. Johnson*, 304 Minn. 583, 584, 232 N.W.2d 204, 205 (1975). The decision to modify child support lies soundly within the trial court's discretion, and will be reversed for abuse of discretion only where the appellate court finds a clearly erroneous conclusion that is against logic and the facts on record. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). The trial court's discretion must, however, be exercised within the limits of the statute. *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn. 1986).

 In order that this court may review the trial court's decision, the record must show that the trial court considered the factors set out by the statute. *See id.* at 865 (modification remanded for express findings on the factors listed in Minn.Stat. § 518.64). Here, the trial found respondent has had a decrease in income, took judicial notice of inflation and its effect on respondent's actual income, and found there was no showing of increased need by appellant or the children. The trial court found that the decrease in respondent's capacity to earn income constitutes a clear change of circumstances since the original decree, making the terms of the former support order unreasonable and unfair. Appellant contends that the record does not support the trial court's findings. We find that it does.

Respondent provided the trial court with income tax returns for 1984, 1985 and 1986. The trial court found that respondent had a monthly earning capacity of $435 ($5220 yearly), and is unable to pay more than $70 per month child support. The trial court found that respondent's 1984 gross income for 1984 was $2866; gross adjusted income for 1985 was $4925; and gross adjusted income for 1986 was $4103.

The trial court found that in order to justify a child support obligation of $200, pursuant to the child support guidelines in 1984, respondent would have had an annual net income of $10,008. Accordingly, the trial court found respondent suffered an approximate 59% decrease in income from the time of the dissolution to the time of his motion for modification.

Appellant claims the trial court abused its discretion by modifying appellant's child support obligation because respondent did

**684**

not show, or even allege, that there has been a substantial change in circumstances.

Appellant challenges the trial court's finding of present income, asserting that because respondent never testified as to his actual income and failed to provide the court with business records, he cannot show a change in circumstances. However, the trial court did have available respondent's federal tax returns for 1984, 1985 and 1986, which show a gross adjusted income of $2866, $4925 and $4103 respectively. The tax returns adequately support the trial court's finding that respondent's income has substantially decreased from about $10,000, and that he is unable to meet the $200 child support obligation.

Appellant points out that the trial court found respondent was able to keep current on a monthly loan obligation of over $250 to pay for a $9600 motorcycle he did not need for basic transportation, and that a loan application signed by respondent shows he has a net worth of $48,700. Appellant has introduced no other evidence to support her allegation that, as sole proprietor of his business, respondent has an income that is not reflected by the tax statements. The trial court had before it the evidence relative to the motorcycle when it made its findings. We find no abuse of discretion on the part of the trial court in calculating respondent's income.

### III.

*Appellant's motion to modify*

Appellant argues the trial court abused its discretion when it denied her motion to increase child support to an absolute minimum of $200 per month. Appellant asserts that the trial court's order deferring payment of a portion of the support obligation was to accommodate respondent while he was trying to start a new business. *See Giesner v. Giesner,* 319 N.W.2d 718, 720 (Minn.1982) (holding that when a good faith career change results in decreased earnings, children and the separated spouse should share in the hardship as they would had the family remained together).

*Giesner* does not demand a modification of the provision making respondent's obligation for $200 conditional on his ability to pay. Appellant has the burden of proof on her motion to modify, as respondent had the burden on his motion. Appellant does not invoke any of the statutory factors. She did not testify. She did not provide evidence that respondent's income has increased, or that the childrens' needs have decreased. She has provided no authority for the allegation that failure to modify the original decree is an abuse of discretion. We find no abuse of discretion in the trial court's denial of appellant's motion to increase child support.

### IV.

*Impeachment*

Appellant contends the trial court abused its discretion by sustaining an objection to the question whether respondent had ever been convicted of sale of a controlled substance. Appellant asserts the testimony was to be used for impeachment, and to show that appellant had another source of income.

The trial court excluded this evidence, finding it unfairly prejudicial, and of inadequate probative value, under Minn.R.Evid. 403:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

We find the trial court acted properly in excluding the evidence.

Appellant alleges that because respondent was convicted of a sale of controlled substance, an income producing activity, his conviction is probative of an additional source of income. Respondent's conviction took place prior to the dissolution. Testimony that respondent was convicted of selling controlled substances years earlier is not, as a matter of law, probative of additional income by illicit drug sales now.

The trial court did not err in excluding this evidence.

Appellant contends the trial court abused its discretion by excluding testimony about respondent's conviction because it was admissible under Minn.R.Evid. 609(a)(1):

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, *and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect * * *.*

(emphasis added). Ultimately, the decision whether to admit or reject evidence of a previous crime rests in the sound discretion of the trial court. *State v. Jones,* 271 N.W.2d 534, 537 (Minn.1978).

Appellant alleges the trial court abused its discretion by failing to consider the factors set out in *Jones. Jones* sets out factors the trial court would have to consider in determining whether to restrict use of prior crimes for impeachment: (1) impeachment value of the prior crime; (2) date of conviction and subsequent history; (3) similarity between prior crime and present crime; (4) importance of defendant's testimony; and (5) centrality of issue of defendant's credibility. *Id.* at 537–38. We cannot say the trial court abused its discretion by excluding prejudicial evidence having, at best, marginal probative value.

## V.

### Limited Cross Examination

 Appellant alleges that the trial court's limitation of cross examination of respondent prevented appellant from putting on her case, and was therefore an abuse of discretion. Appellant admits that when asked, counsel for appellant declined to call further witnesses. The court called and examined respondent as a witness. The court then limited appellant's cross examination on the issue of the Harley Davidson motorcycle purchased by respondent. The issue of the motorcycle had already been covered by the bank president who testified about the loan, and by the court's examination of respondent.

Appellant claims the trial court abused its discretion by limiting the cross examination to matters within the scope of the court's direct examination. However, appellant does not specify what relevant evidence was sought that had not yet been brought to light. The trial court did find that appellant made payments on the motorcycle, and that he therefore could afford to pay the minimum child support obligation. The trial court's contempt order indicates the court was apprised of the incongruity of respondent's ability to make $250 motorcycle payments, while defaulting on his $70 child support payments. More cross examination on the issue of the respondent's motorcycle would have been cumulative. *See* Minn.R.Evid. 611(a)(2). There was no error in the trial court's decision to limit testimony on that collateral issue.

## DECISION

The trial court erred by retroactively modifying a child support order involving arrearages accrued after June 13, 1987, contrary to Minn.Stat. § 518.64, subd. 2. The trial court did not abuse its discretion by granting respondent's motion for downward modification of child support. The trial court did not abuse its discretion by denying appellant's motion for upward modification of child support. The trial court did not abuse its discretion by excluding evidence of respondent's conviction of the sale of controlled substances, either to show an additional source of income, or for impeachment. The trial court did not abuse its discretion by limiting cross examination of respondent.

AFFIRMED IN PART AND REVERSED IN PART.