## AMERICAN BUILDING & CONSTRUCTION CORPORATION v. JACOB HERRMANN AND OTHERS.[1]

February 3, 1925.

No. 24,691.

**Denial of new trial within court's discretion.**

Question whether plaintiff could have fair trial in county where action was brought was one of fact, and court's denial of change of venue was within its discretion. [Reporter.]

[1]Reported in 201 N. W. 949.

Upon the petition of American Building & Construction Corporation the supreme court granted its order directing the district court for Stearns county, Roeser, J., to show cause why a peremptory writ of mandamus should not issue changing the place of trial of an action wherein petitioner was plaintiff and Jacob Herrmann and others were defendants. Order to show cause discharged.

*Russell C. Rosenquest,* for plaintiff.

*Paul Ahles,* for defendants.

PER CURIAM.

This case is before us on an order to show cause why the venue should not be changed from Stearns county to Hennepin county. It is an action to determine adverse claims to real estate situated in Stearns county. The defendants reside there. The plaintiff is a Minnesota corporation having its principal place of business there. Plaintiff desires to have the venue changed because it claims a fair and impartial trial cannot be had in Stearns county. The motion was supported by numerous affidavits to the effect that plaintiff, on account of the business and local political activities of one of its principal officers and stockholders cannot have a fair trial in Stearns county. There were persuasive affidavits contra for defendants. It is suggested, but not much argued, that the convenience of witnesses would be promoted by the change. The issue is one of fact and it is clear from the record that there was no abuse of discretion in denying the change of venue.

The order to show cause is discharged.