EARNEST WOLFE v. CITY OF AUSTIN AND ANOTHER. EMIL J. SCHEID, *d. b. a.* SCHEID PLUMBING & HEATING COMPANY, THIRD-PARTY DEFENDANT.[1]

August 7, 1953.

No. 36,135.

*McMillan & Meany,* for relator.

*Rodney A. Dunnette, Carroll & Thorson,* and *Cummins, Cummins, Hammond & Ames,* for respondents.

[1]Reported in 60 N. W. (2d) 74.

FRANK T. GALLAGHER, JUSTICE.

This action was originally brought in the district court of Freeborn county on March 7, 1953, to recover damages for personal injuries alleged to have been sustained by plaintiff as the result of a gas explosion which occurred on February 6, 1953, in Austin. The action was brought against the city of Austin, a municipal corporation, and the Board of Water, Electric, Gas & Power of the city of Austin on the ground that they were guilty of negligence in permitting the gas to escape. Emil J. Scheid, doing business as Scheid Plumbing and Heating Company, was named as a third-party defendant as to the city of Austin.

Defendants city and board joined in a demand that the venue be changed to Mower county, which was done. Thereafter, plaintiff moved that the action be remanded to Freeborn county on the ground that an impartial trial could not be had in Mower county and/or that the ends of justice would be promoted by the change. The district court of Mower county denied that motion. Thereafter, plaintiff petitioned this court praying that an alternative writ of mandamus be issued directed to the district court of Mower county and the Honorable Martin A. Nelson, judge thereof, commanding him to remand the action for trial to Freeborn county or to appear before this court at a time and place to be specified in the writ.

Plaintiff's petition for the alternative writ of mandamus set out, among other things, that the order denying his motion to remand the case to Freeborn county was prejudicially erroneous and constituted an abuse of discretion on the part of the trial court; that he has no other or adequate remedy at law or otherwise for the preservation, protection, and enforcement of his right to have the action remanded to Freeborn county except the remedy prayed for in the petition; and that he has suffered and will suffer great and irreparable damage by reason of the facts set forth in the petition unless this court interposes and grants a writ of mandamus. Plaintiff contended in the petition that the district court was in error in deciding that M. S. A. 542.11 does not apply to municipalities and that it erred in admitting into evidence counteraffidavits

of the city of Austin in violation of Rule 6.04 of the Rules of Civil Procedure. Briefly, plaintiff's petition further sets forth that the affidavits supporting his motion to the trial court and all the files and proceedings clearly establish that a fair trial cannot be had in Mower county; that the ends of justice would be promoted by a change of venue because citizens of Austin would be jurors who would try the case; that citizens and jurors are also users of utilities sold by the defendant; that a large amount of publicity had been given the accident in local newspapers; and that as a result of the accident numerous property damage suits had been brought against defendants with much attending publicity.

On June 3, 1953, an alternative writ of mandamus was issued out of this court, addressed to the district court of Mower county and the judge thereof, commanding him to immediately upon receipt of the return vacate that portion of his order of May 22, 1953, denying plaintiff's motion for an order remanding the case to Freeborn county for trial and to enter his order granting the motion or show cause before this court on June 22, 1953, at 10 a. m. as to why he had not done so.

The return sets forth that the action of the district court of Mower county in denying petitioner's motion for a change of venue to Freeborn county should be sustained for the following reasons: (1) That actions at law against a municipal corporation are local in nature and must be tried in the county where the municipality is situated, subject only to the exception in a case involving a question of trespass or title to realty; (2) that the district court acted within its discretion after a fair consideration of all the evidence presented; (3) that the court denied the motion on the merits upon the basis of all the evidence presented and concluded that there was no showing that a fair trial could not be had in Mower county or that the ends of justice would be furthered by a change of venue; and (4) that the decision of the trial court was wholly within its discretion and was a correct decision.

■ State ex rel. Johnson v. District Court, 120 Minn. 458, 139 N. W. 947, Ann. Cas. 1914C, 106, involved an order to show cause why

mandamus should not issue to compel allowance of a change of venue. In that case relators, residents of Minneapolis, were sued in Waseca county together with the city of Waseca for wrongful death. Relators duly demanded a change of venue to Hennepin county. The demand was denied, and an order to show cause was obtained. Counsel for relators there contended that the real question was whether or not a transitory action against a municipality may be removed from the county in which the municipality is located to the county of residence of a majority of the defendants. This court said that that was not the issue as actions against municipalities are inherently local. It was held in that case that R. L. 1905, § 4096 (now M. S. A. 542.10), providing that if there are several defendants residing in different counties the trial shall be had in the county upon which the majority of them unite in demanding, does not authorize a change of venue in an action to which a municipal corporation is a party defendant from the county in which such municipality is located, although a majority of the individual defendants unite in demanding a change to the county of their residence.

In Hjelm v. City of St. Cloud, 129 Minn. 240, 242, 152 N. W. 408, 409, Mr. Justice Holt said:

"* * * It is true that all transitory actions against municipalities are inherently local, so that, as against an objection properly raised, such actions may not be tried in any other county than the one wherein is the governmental office of the sued municipality," citing State ex rel. Johnson v. District Court, *supra.*

Plaintiff, however, does not appear to rely on the provision of § 542.10 with respect to the situation where a majority of defendants residing in different counties move for a change of venue but relies on § 542.11, which provides for a change of venue—

"(3) When an impartial trial cannot be had in the county wherein the action is pending; or

"(4) When the convenience of witnesses and the ends of justice would be promoted by the change."

We are of the opinion that inherently the action against the municipality is a local one and that the matter of determining whether an impartial trial cannot be had in Mower county was within the sound discretion of the district court of that county. Its decision will not be reversed except for a clear abuse of discretion, which we do not find under the record here. Sander v. Dieseth, 230 Minn. 125, 40 N. W. (2d) 844; State ex rel. Austin Mut. Ins. Co. v. District Court, 194 Minn. 595, 261 N. W. 701; American Bldg. & Const. Corp. v. Herrmann, 162 Minn. 507, 210 N. W. 949; Guyer v. Smullen, 160 Minn. 114, 199 N. W. 465.

■ Plaintiff contends that the court erroneously admitted into evidence counteraffidavits of defendant city inasmuch as they were not served upon petitioner's attorneys until the arguments on the motion. Rule 6.04 of the Rules of Civil Procedure provides that opposing affidavits may be served not later than one day before the hearing *unless the court permits them to be served at some other time*. We think that under the facts and circumstances here the matter was within the discretion of the court and that there is no showing that plaintiff was prejudiced in the allowance of the affidavits.

Alternative writ discharged.

MR. JUSTICE NELSON took no part in the consideration or decision of this case.