In re the Marriage of Jane E. EDEL-MAN, petitioner, Respondent,

v.

Stanley A. EDELMAN, Appellant.

No. C3–84–776.

Court of Appeals of Minnesota.

Sept. 11, 1984.

Craig S. Hunter, Dessert, Smith & Hunter, Park Rapids, for respondent.

Gregory D. Larson, Thomason, Larson & Masog, Park Rapids, for appellant.

Considered and decided by HUSPENI, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Appellant-husband moved to compel respondent-wife to quit claim 40 acres of land to him in compliance with the original judgment of dissolution, which was entered pursuant to a stipulation in 1975. Respondent-wife moved to modify the judgment. The trial court declined to modify the judgment, but found it ambiguous and interpreted it, awarding the wife ten acres of the land. The husband appealed. We affirm.

## FACTS

The parties were divorced in 1975. The judgment, entered pursuant to a stipulation, awarded the parties' homestead to the husband and ordered the parties' 3.2 bar business, located on the same 40 acre tract as the homestead, sold and the proceeds divided equally. The 40 acre parcel itself was not divided; that is, no specific acreage was assigned to the business which sat on the west side of the 40 nor was any specific acreage assigned to the home located on the east end. The business never did get sold. The couple ran it jointly for awhile after the divorce, but the business deteriorated, was later abandoned, and the building which housed the business was taken down. The husband then requested that the wife quit-claim her interest in the entire parcel to him. She refused, and requested the court to declare that half of the 40 acres be awarded to her. She submitted affidavits from herself and from the attorney who represented her at the dissolution stating that at the time of the dissolution, it was the intent of the parties that the business be allocated half of the forty acres. The trial court refused to modify the judgment, but awarded half of the property allocated to the business to the wife. The allocation to the business of 20 acres and the allocation to the wife of one-half of that, or 10 acres, had the net effect of Mr. Edelman ending up with 30 acres and Mrs. Edelman 10 of the couple's 40 acres.

## ISSUE

Did the trial court err in awarding 10 of the 40 acres of land to the wife pursuant to the dissolution judgment?

## ANALYSIS

■ While the wife's motion was drafted as a motion to modify the judgment, the trial court recognized that it had no power to modify the judgment, since there was no showing of fraud or mistake. *See* Minn. Stat. § 518.64, subd. 2 (Supp.1983). The court treated the motion, however, as a motion to interpret the judgment which it found ambiguous in that the judgment did not assign specific acreage to the business and specific acreage to the homestead.

**564**

The court's action was equitable and within its inherent powers.

In *Stieler v. Stieler*, 244 Minn. 312, 70 N.W.2d 127 (1955), the Minnesota Supreme Court stated that the interpretation or clarification of an ambiguous divorce decree did not constitute a modification of the decree. It continued: "At a hearing upon [a motion for clarification or interpretation], parole evidence may be received and considered for the purpose of determining what was intended by the judgment and to evolve a more definite expression thereof." *Id.* at 319, 70 N.W.2d at 131.

■ The original judgment awarded the wife half the proceeds of the sale of the business. It did not specify, however, how much of the real estate was to be sold with the business. In the absence of anything to refute the affidavits submitted by the wife that twenty acres was intended to be sold with the building, the trial court did not err in deciding that twenty acres should be allocated to the business. Since the business was not sold, but, instead, abandoned, the wife should receive half of what remains of the business—the land and the salvage value of the building—in order to effectuate the clear intent of the original stipulation and judgment—to divide the business equally.

### DECISION

The trial court did not err in awarding ten acres of land—representing half of the business—to the wife.

Affirmed.