**In re the Marriage of Constance M. JUELFS, Petitioner, Respondent,**

**v.**

**David L. JUELFS, Appellant.**

**No. C3–84–1152.**

Court of Appeals of Minnesota.

Dec. 24, 1984.

Robert W. Herr, White Bear Lake, for respondent.

D. Patrick McCullough, St. Paul, for appellant.

Heard, considered, and decided by LANSING, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

Father appeals from the trial court's denial of his post-decree motions to forgive child support arrearages, reduce child support, and reopen the dissolution property division based on taxes assessed by Internal Revenue Service. Mother appeals from the denial of her attorney's fees and appeals the adequacy of the medical insur-

ance coverage obtained by father. We affirm and remand in part.

## FACTS

The marriage of David and Constance Juelfs was dissolved on May 19, 1983. The parties have two minor children, ages 12 and 7 at the time of dissolution.

Father had been employed by the City of St. Paul for nine years prior to the dissolution, and had a net monthly income of $1,162.68. Child support was set at $450 per month. During the last seven years of the marriage, the parties operated from their homestead a business known as National Tack North. At the time of the dissolution, this business maintained an inventory of approximately $8,000. After mother left the homestead in 1981, father continued to operate that business and maintain his employment with the city. During his absence from the homestead, he had someone else answer the business phone for him. Father quit his job with the City of St. Paul in December 1983, in order to develop the tack business.

On April 3, 1984, father consented to assessment of additional taxes and penalties by the IRS in connection with tax returns relating to the tack business and filed by him for the years 1981 and 1982. Also, he consented to additional taxes and penalties for the 1980 joint income tax return of father and mother. The mother did not consent to or have knowledge of father's agreement with the IRS. The issue of possible income tax liabilities was not raised by either party at the dissolution hearing.

At the hearing on the post-decree motions, the trial court concluded that there was very little chance of the business ever producing income even close to what appellant was getting with the City of St. Paul; that father was well aware of this when he left his City of St. Paul employment; that it would cost father a minimum amount to operate the tack business and retain his employment with the City of St. Paul; and therefore no good faith effort was shown. On that basis, the court allowed no forgiveness of child support arrearages and no change of child support.

At the post-decree hearing, the trial court also refused to reopen the property division. It concluded it had no power to alter a tax liability levied by the Internal Revenue Service. Finally, the court denied attorney's fees to either party.

The dissolution decree required that father maintain his current medical insurance program for the benefit of the children and respondent. This coverage terminated with his employment, and by post-decree order, the court required father to provide proper medical insurance for the parties' children, and inform mother of the costs incurred. Mother was to be responsible for "one-half of those costs." The type of coverage was not specified. In fact, father obtained medical insurance coverage with a $1,000 per year deductible clause.

## ISSUES

1. Whether the trial court properly denied the appellant's motion to forgive child support arrearages and reduction of child support?

2. Whether the trial court properly exercised its discretion in denying the award of attorney's fees to respondent?

3. Whether the trial court abused its discretion in refusing to reopen the final property division in order to consider income tax liability assessed by the IRS?

4. Whether the medical insurance coverage obtained by appellant complies with the court's order?

## ANALYSIS

1. Minn.Stat. § 518.64, subd. 2 (Supp. 1983) states:

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party * *, any of which makes the terms unreasonable and unfair. A modification which

decreases support or maintenance may be made retroactive only upon a showing that any failure to pay in accordance with the terms of the original order was not willful.

The trial court has broad discretion to grant or deny a motion to modify child support, and will not be reversed unless the order is arbitrary or unreasonable or without evidentiary support. *Bledsoe v. Bledsoe,* 344 N.W.2d 892, 895 (Minn.Ct. App.1984). However, the power to forgive past due child support, when the interests of the children are paramount, should be exercised cautiously. *Id.*

Father claims he acted in good faith when he terminated his employment with the city. He relies on *Giesner v. Giesner,* 319 N.W.2d 718 (Minn.1982). However, father's reliance is misplaced. In *Giesner,* payor father started a new business following his involuntary termination of employment. He did not voluntarily decide to terminate longtime substantial employment.

In the case before us, the trial court did not err in finding a lack of good faith in father's termination of his employment. That employment provided income sufficient to meet the father's reasonable child support obligations. Father was well aware the tack business was inadequate to meet his needs and obligations. There was no evidence presented at the hearing to show that the business was doing any better financially with father's fulltime attention than it had with his part time attention in years past. Father presented only his speculation that the business would do well in the future.

2. Minn.Stat. § 518.14 (1982) authorizes an award of attorney's fees. The trial court has broad discretion in determining whether to award attorney's fees to a party in a divorce proceeding. *Solon v. Solon,* 255 N.W.2d 395, 397 (Minn.1977). We find no abuse of discretion in denying fees to both parties here.

3. Divisions of real and personal property ordered in marriage dissolutions are final, and may be revoked or modified only for fraud or mistake. Minn.Stat. § 518.64, subd. 2 (1982). Father argues that, inasmuch as the tax liabilities were not known at the time of the decree, a mutual mistake is present. The trial court refused to alter the property division to account for these liabilities subsequently assessed by the IRS. The assessments primarily arise from father's separate tax returns for 1981 and 1982, and evaluations of the tack business, which father retains. The division of property ultimately is based on many factors in addition to taxes. *O'Brien v. O'Brien,* 343 N.W.2d 850, 853–854 (Minn.1984). We cannot say the trial court abused its discretion.

4. Father was required by the judgment and decree of dissolution to maintain his current medical insurance program for the benefit of the children. When this ceased with his termination of employment with the City of St. Paul, the trial court ordered father to obtain proper medical insurance for the parties' children. The extent of the required coverage was not detailed at the trial or at the time of the hearing on the post-decree motions. Neither is the exact obligation of wife clear from the language of the order. Whether husband's purchase of medical insurance with a $1,000 per year deductible complies with the trial court order is an issue for the trial court to decide.

## DECISION

The trial court did not abuse its discretion in denying motions to modify support payments, forgive child support arrearages, award attorney's fees, and reopen the property division. The issue of appropriate insurance coverage is remanded to the trial court.

Affirmed and remanded in part.