**In re the Marriage of Nora Shay HALVERSON, petitioner, Respondent,**

**v.**

**Joel F. HALVERSON, Appellant.**

**No. C6–85–1172.**

Court of Appeals of Minnesota.

Feb. 11, 1986.

Nora Shay Halverson, pro se.

Sam V. Calvert, St. Cloud, for Joel F. Halverson.

Considered and decided by PARKER, P.J., and FORSBERG and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from a post-judgment order. Appellant Joel Halverson (Halverson) contends the order erroneously interprets the maintenance award and amends the property division set out in the judgment dissolving his marriage. Respondent Nora Shay Halverson (Shay) is pro se and has not filed a brief.

## FACTS

Shay petitioned for divorce in early 1984. During the pendency of the proceedings, Halverson was ordered to pay $1000 in lump sum temporary maintenance and $300 per month in temporary maintenance beginning August 1, 1984. Each party was forbidden to sell, transfer, or encumber any of the marital assets.

A stipulation as to property division and maintenance was signed by both parties and incorporated into the trial court's findings and conclusions. Judgment was entered in November 1984 after a default hearing.

In April 1985, Shay brought a contempt motion against Halverson, claiming Halverson had failed to pay $700 of the maintenance award. Halverson cross-motioned for relief, with only the following requests being pertinent to this appeal:

2. Determining that [he] has paid all the money he is required to pay under the terms of the decree.

5. Ordering that [Shay] pay him half the insurance proceeds for the property she reported stolen and ordering her to account for such property and/or proceeds.

7. Ordering [Shay] to pay [him] $150.00 as compensation for a waterbed

and frame given away by [her] in contravention of the Court's orders.

8. Ordering [Shay] to deliver one-half of the silver watch chains and watches, or to pay $842.50 to [him].

The trial court issued an order requiring Halverson to pay Shay $700 more in maintenance and awarding Shay the parties' antique gold watch chains and pocket watches. Halverson appeals, contending the trial court's order erroneously interprets and modifies the original judgment.

## ISSUES

1. Did the trial court err in its interpretation of the maintenance award?

2. Did the trial court's order erroneously modify or amend the original property settlement?

## ANALYSIS

This is an appealable order. We have previously concluded by order dated July 30, 1985, that the trial court's May 17, 1985 order was a "final order" in a special proceeding and appealable under Minn.R.Civ. App.P. 103.03(g).

### I

Halverson contends the trial court erred in requiring him to pay Shay an additional $700 in maintenance because the stipulation and decree are clear and unambiguous. Paragraph 2 of the stipulation states:

2. *Maintenance.* As and for fulfillment of his duty to support Petitioner, Respondent [Halverson] shall pay the sum of $6,000.00, in addition to the temporary maintenance payments made as of the date of signing of this stipulation. Respondent shall continue to make monthly payments of $300 until the decree is entered; and shall pay $2,000 within 30 days of the entry of the decree, $2,000 within 60 days of the entry of the decree, and the balance within 90 days of the entry of the decree.

Halverson made two payments of $2,000 each and one payment of $1,300, for a total of $5,300. Shay claimed he still owed her $700 under the terms of the agreement.

The cause of this dispute is the six-week lag occurring between the signing of the stipulation and the entry of the decree. During that period, Halverson paid Shay $500 ($300 temporary maintenance for October and $200 for November's payment, which was pro rated) and $200 in attorney's fees. Halverson contends that under the stipulation and decree, this $700 should be credited to the $6000 lump sum maintenance award.

■ A court has jurisdiction to interpret and clarify a judgment which is ambiguous or uncertain on its face, even after the time for appeal has passed. Such interpretation "involves neither an amendment of [the judgment's] terms nor a challenge to its validity." *Stieler v. Stieler,* 244 Minn. 312, 319, 70 N.W.2d 127, 131 (1955) (divorce proceedings reopened to clarify and interpret judgment to determine whether trial court intended deceased ex-husband to have sole possession of government bonds). *See also Edelman v. Edelman,* 354 N.W.2d 562, 564 (Minn.Ct.App.1984) (trial court did not err in interpreting an ambiguous judgment).

■ Whether language is ambiguous is a question of law to be decided initially by the trial court; if language is reasonably subject to more than one interpretation, there is ambiguity. *See Columbia Heights Motors, Inc. v. Allstate Insurance Co.,* 275 N.W.2d 32, 34 (Minn.1979). At the hearing, Shay's attorney argued:

[T]he $6,000.00 was a "lump sum payment of alimony to be paid in three installments to be indicated in the Decree and that until the Decree was entered he was obligated to go ahead and pay the monthly maintenance temporarily under the temporary order because the temporary order stays in effect until the Final Decree.

Halverson argued the parties' intent was clear and the language unambiguous. The trial court concluded Halverson still owed $700 in maintenance.

■ We agree that an ambiguity exists as to whether the maintenance award was meant to include temporary maintenance and attorney's fees paid during the interim period between the signing of the stipulation and the entry of judgment. The dissenting opinion suggests the trial court ignored customary English usage as a guide. Had customary English usage been employed in paragraph 2 of the stipulation, there would have been no ambiguity. The trial court's interpretation of that ambiguity is entirely reasonable and supported by the evidence.

## II

■ Halverson also contends the trial court's order of May 17, 1985 erroneously modified the original property settlement when it awarded Shay the antique gold watch chains and pocket watches. Divisions of real and personal property are considered "final, and may be revoked or modified only where the court finds the existence of conditions that justify reopening a judgment under the laws of this state." Minn.Stat. § 518.64, subd. 2 (1984). Absent mistake or fraud, property divisions are final and not subject to modification. *Kerr v. Kerr*, 309 Minn. 124, 126, 243 N.W.2d 313, 314 (1976); *In re Juelfs v. Juelfs*, 359 N.W.2d 667, 670 (Minn.Ct.App. 1984), *pet. for rev. denied*, (Minn. Mar. 29, 1985).

■ The original stipulation provided in pertinent part:

4. *Personal Property.* Petitioner shall be awarded all of her clothing, personal effects and diamond rings; * * * and the silver jewelry as set forth in the attached Exhibit "B".

*     *     *     *     *     *

11. *Personal Property to Be Sold.*

*     *     *     *     *     *

All antiques, furniture, and furnishings, not specifically awarded to the parties in paragraph 4 above, shall be sold and the net proceeds shall be divided equally between the parties.

Halverson argues the watches and watch chains were not meant to be "personal effects" but "antiques" and that these items should have been auctioned under the decree.

The trial court concluded:

3. The property division and settlement as outlined in the November 20, 1984 Judgment is final and consequently any household goods, personal property, including the silver [Halverson notes that the trial court actually meant "gold"] watch chains and watches remain with the party in whose possession they are at the present time. Respondent [Halverson] did not move for Amended Findings, Conclusions or a new trial and consequently the decision must stand.

Absent a precise reference to gold watches and watch chains in the stipulation the trial court was obviously clarifying the original property division.

■ Halverson also contends Shay should pay him half the value of a waterbed allegedly worth $150; Shay claims the bed was worth less than $25. We agree with the trial court's conclusion that Halverson was entitled to no compensation for the bed.

■ Halverson also argues he is entitled to half of the insurance proceeds Shay received on items she reported stolen, including $200 for a rug which belonged to the parties and items Shay claims belonged to her daughter or to her prior to her marriage. The trial court's order allowing Halverson $100 was proper.

■ Finally, Halverson contends the trial court should have excluded admission of an affidavit of Shay received only two hours before the hearing. Under Minn.R. Civ.P. 6.04, "opposing affidavits may be served not later than one day before the hearing, unless the court permits them to be served at some other time." Minn.R. Civ.P. 6.04. Under rule 6.04, a trial court's acceptance of a late affidavit is discretionary. *See Wolfe v. City of Austin*, 240 Minn. 165, 169, 60 N.W.2d 74, 76–77 (1953) (trial court did not err by admitting late

affidavits into evidence given its discretion in the matter and absent prejudice to the opposing party). Halverson has not shown prejudice; indeed, he failed to even object to introduction of the affidavit at the hearing. Any lack of notice must be deemed waived.

## DECISION

The trial court correctly interpreted and clarified the maintenance award and property division of a judgment of dissolution.

Affirmed.

PARKER, J., dissents.

PARKER, Judge (dissenting).

I respectfully dissent.

The majority affirms the trial court's decision which applies the language of both sentences of paragraph two of the stipulation to determine the amount of maintenance to be paid; they are however, inconsistent. If each sentence is viewed as a complete thought, in accord with customary english usage, the first sentence is seen to state the amount to be paid:

2. *Maintenance.* As and for fulfillment of his duty to support Petitioner, Respondent shall pay the sum of $6,000.00, in addition to the temporary maintenance payments made as of the date of signing of this stipulation.

The second sentence may then be read in harmony with the first; it states the method and time of payment:

Respondent shall continue to make monthly payments of $300 until the decree is entered; and shall pay $2,000 within 30 days of the entry of the decree, $2,000 within 60 days of the entry of the decree, and the balance within 90 days of the entry of the decree.

Note that the last lump-sum payment is not specified as $2,000 but as a *balance* because the last lump sum to be paid cannot be determined until the date of entry of the decree is known.

I suggest that the trial court ignored customary english usage as a guide to the meaning of language. I would hold that there is no ambiguity and that the two sentences may be read in harmony.