**In re the Marriage of Nancy Jane GOFF, Petitioner, Respondent,**

v.

**Thomas Leonard GOFF, Appellant.**

**No. CX–86–35.**

Court of Appeals of Minnesota.

June 3, 1986.

these exceptions is applicable here.

 

William P. Luther, Karen P. Kepple, Minneapolis, for respondent.

John P. Guzik, St. Paul, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and FORSBERG, JJ.

## OPINION

SEDGWICK, Judge.

Appellant Thomas Goff appeals the denial of his motion to reduce child support and to forgive arrearages. The trial court found that appellant did not make a sufficient showing of changed financial circumstances to justify a reduction. The trial court refused to forgive arrearages because it found that appellant did not make a good faith effort to keep his former employment or to find equivalent employment. The court also awarded respondent $500 attorney fees. We affirm.

## FACTS

The parties' seven year marriage was dissolved in 1982. Respondent was granted legal and physical custody of the two minor children. Appellant was ordered to pay child support of $380 per month. The judgment and decree included an automatic escalation clause to increase support in accord with any increase in appellant's income. At the time of appellant's motion, his support obligation was $426 per month based on an annual salary of $24,000.

Appellant was employed as an assistant professor at Northwestern Chiropractic College for approximately eleven years. His employment was controversial, and his annual renewal was contingent on his willingness to change his teaching methods. His teaching position was terminated on August 31, 1985. He continued until December 1985 as a part time instructor.

Whether appellant's termination was voluntary or not was disputed. Appellant argues that his termination was involuntary and that he made good faith attempts to

comply with the administration's requests to improve his teaching methods.

In contrast, respondent alleges that during the marriage appellant told her he would do the bare minimum to keep his job, and when he no longer wanted it he would stop all efforts and would be terminated on the basis of poor performance evaluations. Respondent argues that this is exactly what has happened. Respondent also points out that appellant admitted he no longer wished to remain at the college after he learned in April 1985 that his then wife (who was also employed by the chiropractic college) would pursue dissolution.

Appellant made the required support payments until September 1985. During September and October appellant paid amounts required under the guidelines based upon his reduced income.

At the time of the motion, appellant had accepted employment as an insurance agent on a 100% commission basis. Thus, his future earnings were uncertain.

Respondent is employed as a nurse. Her net monthly income is $1,548.30. She alleges her total monthly expenses to be $1,888.20, $1,212.50 of which is attributable to the children.

### ISSUES

1. Did the trial court err in denying appellant's motion to reduce his child support obligation?

2. Did the trial court err in denying appellant's request for forgiveness of child support arrearages?

3. Was the trial court's award of $500 attorney fees to respondent an abuse of discretion?

### DISCUSSION

■ 1. A child support obligation may be modified upon a showing of substantially decreased earnings of a party which makes the decree unreasonable or unfair. Minn.Stat. § 518.64, subd. 2 (Supp.1985). The trial court has broad discretion in considering a motion to modify support and will not be reversed unless the order is arbitrary, unreasonable, or without evidentiary support. *Juelfs v. Juelfs*, 359 N.W.2d 667, 670 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. March 29, 1985) (citation omitted).

Although decreased earnings of the obligor is a basis for modification, an obligor cannot rely on the election to terminate employment to justify a decreased support obligation. The Minnesota Supreme Court has analogized this situation to contempt cases, applying the rule that there is no defense if the obligor:

> "has not made a reasonable effort by means of his own selection to conform to an order well within his inherent but unexercised capacities."

*Giesner v. Giesner*, 319 N.W.2d 718, 719–20 (Minn.1982) (quoting *Hopp v. Hopp*, 279 Minn. 170, 176, 156 N.W.2d 212, 217 (1968)). If a career change is made in good faith, the child and former spouse should share in the hardship as they would have had the family remained together. *Id.* at 720.

A court may disregard any inability to pay that is voluntary on the part of the obligor, and may look to the obligor's earning capacity rather than actual earnings. *Resch v. Resch*, 381 N.W.2d 460, 462 (Minn. Ct.App.1986) (citing *Hopp v. Hopp*, 279 Minn. 170, 175–177, 156 N.W.2d 212, 217–218 (1968); *Meisner v. Meisner*, 220 Minn. 559, 560–561, 20 N.W.2d 486, 487–488 (1945)). In *Resch*, the father made a deliberate choice not to seek work as a machinist, his former line of employment. This court affirmed the trial court's award of support based on what the father could have been earning as a machinist, noting:

> A trial court cannot direct a person to work at a specific job against his will. That does not prohibit it, however, from directing a person to pay support commensurate with a wage he could earn if he sought employment in an occupation for which he is trained and has the present ability to perform.

*Id.* at 462 (citation omitted). It was within the trial court's discretion to award support

based upon the amount the father could be earning.

Similarly, this court affirmed denial of a motion to decrease support and forgive arrearages where the father quit his job with the City of St. Paul to run a tack business on a full time basis. *See Juelfs*, 359 N.W.2d 667. *Juelfs* noted a distinction between voluntary and involuntary termination. *Id.* at 670. Because the termination in *Juelfs* was voluntary, denial of the motion to decrease support was proper.

In this case, the trial court specifically found that appellant did not make a sufficient showing of changed financial circumstances and that appellant's job hunting efforts were not in good faith. These findings must not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01; *Juelfs*, 359 N.W.2d at 670. The evidence in this case is conflicting. It appears that the trial court believed respondent rather than appellant. The court's findings are not clearly erroneous.

2. Support arrearages may not be forgiven if the obligor's non-payment was willful. Minn.Stat. § 518.64, subd. 2 (Supp. 1985). Moreover, the trial court's power to forgive support arrearages, where the interests of the children are paramount, should be exercised cautiously. *Bledsoe v. Bledsoe*, 344 N.W.2d 892, 895 (Minn.Ct. App.1984) (citing *LeFebvre v. LeFebvre*, 305 Minn. 195, 200, 232 N.W.2d 786, 789 (1975)). Here, the trial court determined that appellant did not make a good faith effort to retain his teaching job or to find alternate employment. Thus, his failure to pay was willful. It was not error to reject appellant's request for forgiveness of arrearages.

3. A trial court may, after considering the financial resources of the parties, award attorney fees to enable a party to carry on or contest the proceeding. Minn. Stat. § 518.14 (1984). An award of attorney fees is within the trial court's discretion. *Deliduka v. Deliduka*, 347 N.W.2d 52, 57 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. July 26, 1984).

The court here, having found appellant's financial condition to be self-imposed, could have based the award on his earning capacity rather than his actual earnings. To do so was within the trial court's discretion.

## DECISION

The trial court's decision is affirmed.