In re The Marriage of Karen Leona HAALA, Petitioner, Appellant,

v.

Norbert Peter HAALA, Respondent.

No. CX–86–49.

Court of Appeals of Minnesota.

June 3, 1986.

William Schade, New Ulm, for appellant.

Patrick A. Lowther, Sleepy Eye, for respondent.

Considered and decided by HUSPENI, P.J., and LESLIE and CRIPPEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Karen Leona Haala appeals from the county court's order that she convey certain property to respondent Norbert Peter Haala for $50,000 and that she assign the rent due to respondent. We affirm.

## FACTS

On January 5, 1982, the parties' marriage was dissolved. Pursuant to the dissolution decree, appellant was awarded certain rental property. The decree states in part as follows:

> In the event that [appellant] shall decide after acquiring the above-described property to sell the same, she shall offer it to respondent for the price and on the terms and conditions of any bona fide, good faith offer that has been tendered to her, or for any price and on any terms and conditions for which she is willing to sell such property to Respondent.

On May 25, 1985, appellant leased this property to Steven Krebs. Pursuant to the lease, Krebs agreed to pay $1,040 on May 31, $2,000 on July 2, and $2,000 on December 1. On September 4, 1985, appellant

and Krebs entered into an earnest money contract for the property. Krebs agreed to pay $50,000 for the property, but appellant agreed to allow him to use the $2,000 due on December 1 as part of the purchase price. Because Krebs was compelled to make the $2,000 payment anyway, he actually only had to pay $48,000 for the property. The sale was contingent on respondent's option to purchase the property.

When respondent learned of the proposed sale, he notified appellant that he was interested in purchasing the property. The parties' attorneys negotiated the terms of the contract, with special attention being paid to the $2,000 rent payment due on December 1. Both parties' attorneys recognized that under the Krebs agreement appellant would actually receive only $48,000 for the sale of the property. On October 11, 1985, the parties entered into an earnest money contract, with respondent agreeing to pay $50,000. The contract said nothing about who would receive the $2,000 rent payment, and appellant refused to sign an assignment of rent agreement affixed to the contract.

Negotiations apparently broke down at this point, and respondent brought suit in county court for specific enforcement of his right of first refusal granted by the dissolution judgment. After a hearing, the court ordered respondent to pay appellant $50,000 for the property and further ordered appellant to provide respondent with an assignment of rent from Krebs in the sum of $2,000. Appellant claims this was error and that she should be allowed to keep the $2,000 in rent.

## ISSUES

1. Did the county court have jurisdiction to hear this case?

2. Did the court err in ordering appellant to assign the rent due to respondent?

## ANALYSIS

■ 1. Appellant initially contends that the county court did not have jurisdiction to hear this case because this action is for the specific performance of a contract for the sale of land and county courts lack jurisdiction over cases involving title to real estate. *See* Minn.Stat. § 487.15 (1984).

We disagree. Although this action does concern real estate, it is essentially an action to interpret and enforce a dissolution judgment. As such, the trial court merely used its inherent equitable power to enforce and interpret the dissolution judgment. *See Stieler v. Stieler,* 244 Minn. 312, 319, 70 N.W.2d 127, 131 (1955); *Edelman v. Edelman,* 354 N.W.2d 562, 564 (Minn.Ct.App.1984).

■ 2. Appellant next argues that the court erred in requiring her to assign the payment of rent to respondent. Appellant contends that this action is controlled by the terms of the earnest money contract. She argues that under the dissolution judgment she can sell the property to respondent for any price she wishes, notwithstanding any bona fide offers. She contends that the parties entered into an earnest money contract setting the price at $50,000. Because the contract did not contain any provisions assigning the rents to respondent, appellant claims she is entitled to $50,000 from respondent and to the $2,000 rent payment.

An examination of the language of the decree reveals that if appellant received a bona fide offer respondent was entitled to purchase the property at the same price and on the same terms as the bona fide offer. If there were no bona fide offer and appellant wished to sell the property, she could sell it to respondent for any price.

Under the initial agreement between appellant and Krebs, appellant would receive $50,000 for the property and the rent combined. Because Krebs was obligated to make the rent payments anyway, he would actually have to pay only $48,000 for the property. The parties' attorneys both recognized this throughout their prolonged negotiations. Under appellant's proposed terms, she would receive $50,000 for the property and $2,000 for the rent, and respondent would have to pay $50,000 for the property. Consequently, appellant would

receive an additional $2,000 and respondent would pay $2,000 more than under Krebs agreement. Under the terms imposed by the trial court, appellant would receive $50,000 for the property and rent, the same amount as under the Krebs offer. After Krebs pays respondent the rent, the court's order would require respondent to pay only $48,000 for the property, the same amount as under the Krebs offer.

The decree states that appellant "shall" offer the property to respondent for the same terms as any bona fide offer. Because the decree uses the word "shall," we hold that appellant is compelled to sell the property to respondent for the same price as any bona fide offer. The trial court did not err by enforcing this provision.

### DECISION

The county court had jurisdiction to hear this case, and it did not err in its judgment.

Affirmed.