*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0781**

In re the Marriage of:
Kevin Max Peterson, petitioner,
Appellant,

vs.

Rebecca Jane Peterson,
Respondent,

County of Dakota, intervenor,
Respondent.

**Filed December 27, 2016
Affirmed
Kirk, Judge**

Dakota County District Court
File No. 19AV-FA-10-3872

Bridget R. Landry, Cordell & Cordell, P.C., Edina, Minnesota (for appellant)

Rebecca Jane Peterson, Burnsville, Minnesota (pro se respondent)

James Backstrom, Dakota County Attorney, James W. Donehower, Assistant County Attorney, Hastings, Minnesota (for respondent County of Dakota)

        Considered and decided by Halbrooks, Presiding Judge; Rodenberg, Judge; and

Kirk, Judge.

**UNPUBLISHED OPINION**

**KIRK**, Judge

Appellant-father challenges the district court's denial of his motion to modify his child-support and spousal-maintenance obligations. We affirm.

**D E C I S I O N**

Before addressing the merits of appellant-father Kevin Max Peterson's arguments, we must first resolve his request to strike respondent-mother Rebecca Jane Peterson's September 12, 2016 brief from the record. Mother filed a respondent's brief and addendum with this court on September 12, 2016, and she included an affidavit of service indicating that she had personally served that brief and addendum on the attorneys for the county and for father on the same date. In his reply brief, father's counsel indicated that mother actually served two versions of the brief on her office, and father's counsel requested that this court strike the second version of the brief or, in the alternative, to have his brief "considered unopposed." Father's counsel relies on Minn. R. Civ. App. P. 128.02, subd. 5, requiring court approval for the filing of additional briefs.

Mother has clarified that the first version of her brief was rejected by the clerk's office due to improper formatting issues. She revised the brief and served and filed the revised version on September 12. Because father's appellant's brief was served on mother by mail on August 9, 2016, the last day to file a timely responsive brief was September 12, 2016. *See* Minn. R. Civ. App. P. 131.01, subd. 2 (allowing 30 days after service), 125.03 (adding three days after service by mail). Mother filed only one brief with this court, it was timely, and it was served on father's counsel. Moreover, even in the absence of a

2

responsive brief, we must determine the appeal on the merits, based on the record and appellant's brief. Minn. R. Civ. App. P. 142.03.

Father's counsel filed a reply brief and was allowed to present oral arguments. Father has not established that he was prejudiced by the timely filing and service of mother's revised brief, and his request to strike her brief is denied.

We now turn to father's substantive arguments. Father argues that he was prejudiced by the district court's reliance on mother's January 21, 2016 pretrial submissions that were not properly notarized and mother's March 17, 2016 post-hearing letter submitted to the court that contained additional arguments and evidence that were not otherwise properly before the court.

Generally, a reviewing court must consider "only those issues that the record shows were presented and considered by the [district] court in deciding the matter before it." *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (quotation omitted). The record demonstrates that father failed to object to the admission of these documents and, as a result, the propriety of their admission is not properly before this court, and we decline to address the question.

Father argues that the district court abused its discretion in concluding that he failed to demonstrate that the combination of a decline in his income and an increase in mother's income constitutes a substantial change in circumstances rendering his child-support and spousal-maintenance obligations unreasonable and unfair. *See* Minn. Stat. § 518A.39, subd. 2(a)(1) (2014). Specifically, he asserts that the district court clearly erred in determining that he was voluntarily underemployed in bad faith as it failed to consider

3

evidence supporting his claim that his income from his construction business had significantly declined. He points to his recent tax returns that reflect a significant decline in his construction company's gross sales from $357,858.23 in 2010 to $139,664.05 in 2015. His 2014 tax return stated his adjusted gross income as $27,569.

The district court has broad discretion in determining whether to modify an existing child-support or spousal-maintenance obligation. *Haefele v. Haefele*, 837 N.W.2d 703, 708 (Minn. 2013). Whether a parent is voluntarily underemployed is a factual finding that is reviewed for clear error on appeal. *Welsh v. Welsh*, 775 N.W.2d 364, 370 (Minn. App. 2009). A district court abuses its discretion if the decision is based on an erroneous application of the law, is based on findings of fact that are unsupported by the record, or results in a resolution that is contrary to logic and the facts on record. *See Dobrin v. Dobrin,* 569 N.W.2d 199, 202 (Minn. 1997). We view the record in the light most favorable to the district court's findings and defer to the court's credibility determinations. *Vangsness v. Vangsness,* 607 N.W.2d 468, 472 (Minn. App. 2000).

The moving party carries the burden of proof in demonstrating that there has been a substantial change in circumstances. *Youker v. Youker*, 661 N.W.2d 266, 269 (Minn. App. 2003), *review denied* (Minn. Aug. 5, 2003). Child support or maintenance may be modified upon a showing of a "substantially increased or decreased gross income of an obligor or obligee." Minn. Stat. § 518A.39, subd. 2(a)(1). There is a presumption of substantial change in circumstances when "the gross income of an obligor . . . has decreased by at least 20 percent through no fault or choice of the party." *Id.*, subd. 2(b)(5) (2014).

In 2010, the parties jointly petitioned to dissolve their marriage of nearly 18 years, and father agreed to pay mother $1,000 in permanent spousal maintenance, and $1,200 in child support. The dissolution became final in November. At the time, father was self-employed as a carpenter contractor and reported a monthly gross income of $6,767. In 2014, a child support magistrate (CSM) calculated father's potential income at $6,767 a month based on the 2010 judgment. The CSM also set father's ongoing basic support obligation at $1,033 per month, which would decrease to $634 per month upon one of their children graduating from high school. The CSM also reaffirmed father's spousal-maintenance obligation.

In 2015, father filed a motion to modify his child-support and spousal-maintenance obligations, and a hearing was held. The district court found that father was voluntarily underemployed and that he had the ability to earn more money in his construction business. It also found that father was motivated to take a new, lower-paying position at a lumber company in Wisconsin in order to make a change in his life and career. The district court imputed $3,474 in additional potential income to father based on his current income of $3,293, for a total of $6,767 in gross monthly income.

The record demonstrates that the district court fairly considered father's tax returns, but found them to be suspect because they were either inaccurate or appeared subject to manipulation. Because "the opportunity for a self-employed person to support himself yet report a negligible net income is too well known to require exposition," it may also be appropriate to impute income to self-employed obligors. *Ferguson v. Ferguson*, 357 N.W.2d 104, 108 (Minn. App. 1984). The district court found that, in 2010, father

5

stipulated to a gross monthly income of $6,767 and that he met his child-support and spousal-maintenance obligations totaling $2,200 per month, but his 2010 tax return inexplicably stated that he received a net income of only $13,667.87. It also found that father self-limited his construction business income from 2010 to 2015 by offsetting a decrease in gross receipts through greater reductions in expenses. Record evidence also reflected father's history of failing to pay his federal taxes for several years from 2005-2013. When a party is voluntarily underemployed, the district court must calculate child support based on that parent's potential income. Minn. Stat. § 518A.32, subd. 1 (2014). We conclude that the district court's findings are well supported by the record.

Turning to father's spousal-maintenance obligation, father argues that the district court abused its discretion in three respects: (1) by concluding that father's decrease in his gross income was a consequence of his own fault and was made in bad faith; (2) by failing to consider mother's increase in gross income; and (3) by failing to consider the statutory spousal-maintenance factors contained in Minn. Stat. § 518.552, subd. 2 (2014).

While a finding of bad faith is not statutorily required in determining an obligor's child-support obligation based on the obligor's earning capacity, it remains a prerequisite in determining spousal maintenance based on an obligor's earning capacity. *Melius v. Melius*, 765 N.W.2d 411, 415 (Minn. App. 2009). "When an obligor voluntarily creates a change of circumstances, the [district] court should consider the obligor's motives." *In re Marriage of Richards*, 472 N.W.2d 162, 164 (Minn. App. 1991). "If the change was made in good faith, then the obligee should share in the hardship as if the parties had remained together." *Hemmingsen v. Hemmingsen*, 767 N.W.2d 711, 717 (Minn. App. 2009), *review*

6

*granted* (Minn. Sep. 29, 2009) *and appeal dismissed* (Minn. Feb. 1, 2010) (quotation omitted).

At the evidentiary hearing, mother raised a colorable claim that father's career change was made in bad faith. When an obligee raises a colorable claim that the obligor made a career change in bad faith, the obligor must show by a preponderance of the evidence that the decision to change careers "was not primarily influenced by a specific intent to decrease or terminate [spousal] maintenance." *Richards*, 472 N.W.2d at 165.

Here, the record amply supports the district court's finding that father's voluntary underemployment does not constitute a substantial change in circumstances that renders the existing spousal-maintenance obligation unreasonable or unfair. *See Goff v. Goff*, 388 N.W.2d 28, 30 (Minn. App. 1986) ("A court may disregard any inability to pay that is voluntary on the part of the obligor, and may look to the obligor's earning capacity rather than actual earnings."). As part of the stipulated divorce decree, father agreed to pay mother $1,000 in permanent spousal maintenance with the understanding that she was then unemployed and was taking steps to retrain and re-enter the workforce and would eventually earn income. The joint stipulation states that mother, who had been a stay-at-home mom for 15 years, was "currently seeking employment." There was no mention in the stipulation that maintenance would end once mother found a job.

After she had secured full-time employment and was earning $2,860 per month, mother and the minor children's monthly living expenses only decreased from $3,000 per month in 2010 to $2,614 per month in 2015. But father's living expenses substantially decreased from $3,400 per month to $2,397 per month as he was sharing expenses with his

girlfriend, with whom he resided. The record supports the district court's imputation of $3,474 in additional monthly income to father and its denial of father's motion to modify his spousal-maintenance obligation.

We also discern no error in the district court's failure to analyze the factors set forth in Minn. Stat. § 518.552, subd. 2, in his motion to modify spousal maintenance. These factors are considered only after a finding that there has been a substantial change in circumstances warranting modification. *See Lee v. Lee*, 749 N.W.2d 51, 59 (Minn. App. 2008), *rev'd in part on other grounds*, 775 N.W.2d 631 (Minn. 2009) ("Once a maintenance obligor establishes entitlement to modification of a maintenance order, the court must balance the needs of the obligee against the obligor's financial condition or ability to pay to determine the amount of maintenance award."). As the district court did not find that father demonstrated a substantial change in circumstances, it was not required to weigh any of the factors in Minn. Stat. § 518.552, subd. 2. Finally, we reject mother's request for attorney fees, as she was pro se throughout the appeal process.

**Affirmed.**